**IN THE COURT OF APPEALS OF IOWA**

No. 14-0590
Filed August 13, 2014

**IN THE INTEREST OF B.V., J.H., N.A., AND B.V.,**
**Minor Children,**

**J.V., Father,**
**Appellant,**

**K.H., Father,**
**Appellant,**

**E.B., Mother,**
**Appellant.**
_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.


A mother and father appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**


Kimberly Voss-Orr, Ames, for appellant father J.V.

Robyn Huss, of Thornton, Coy & Huss, P.L.L.C., Ames, for appellant father K.H.

Patrick Peters of Payer, Hunziker, Rhodes & Peters, L.L.P., Ames, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Stephen Holmes, County Attorney, and Jesse Ramirez, Assistant County Attorney, for appellee State.

Mark Olberding, Nevada, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

A mother appeals the termination of her parental rights to her four children, born in 2003, 2005, 2008, and 2010. She contends: (A) the record lacks clear and convincing evidence to support a finding that the children cannot be returned to her custody, (B) termination is not in the children's best interests, and (C) the district court should not have terminated her rights in light of the bond she shared with the children.

The father of the child born in 2010 also appeals the termination of his parental rights. He contends the district court should have declined to terminate his parental rights because the child was placed with the child's paternal grandmother.

### I. Mother

**A.** The district court terminated the mother's parental rights pursuant to Iowa Code sections 232.116(1)(f) and (h), which require proof of several elements, including proof that the children cannot be returned to the mother's custody. Iowa Code § 232.116(1)(f), (h) (2013). On our de novo review, we find clear and convincing evidence to support these grounds for termination.

The mother has a long history of alcohol abuse that resulted in eight public intoxication convictions, several founded child abuse assessments, and the removal of her four children. She subsequently stipulated to an adjudication of the children as children in need of assistance.

At the time of the termination hearing, the mother was staying at a shelter and did not know how long she would be able to remain or whether she could have the children permanently placed with her at the facility. She testified she

could not immediately take care of the children because she was "[w]orking on [her]self right now." She admitted advising the children of her situation the week before the termination hearing; she told them, "Mom is trying to work on herself right now, and [] can't take care of them right now." The mother's testimony establishes that the children could not be returned to her custody.

**B.** The mother contends termination was not in the children's best interests. *See In re P.L.*, 778 N.W.2d 33, 35 (Iowa 2010). In her view, "[t]he Court placed too much [emphasis] on the stability, including economic, of the foster family."

The record reflects that three of the four children were placed in the care of foster parents. Contrary to the mother's assertion, the district court stated it was "fully cognizant of the fact that a termination of parental rights determination should not rest upon the relative merits of foster parents versus biological parents." The court also noted that the foster parents were "supportive of the goals of these proceedings to reunify the children with their parents."

Instead, the court focused on the parents' shortcomings and, specifically, their inability to provide "the safety, stability, and security that is so important to permanency for these children." The mother conceded these were legitimate concerns. She agreed she never really stayed in one location for more than six months in the previous three years. She also agreed that as long as she remained in the shelter she was probably not the best placement option for her children. And she agreed she had a "significant chronic, debilitating problem with alcohol" that she had yet to seriously address. These concessions establish that it was not in the children's best interests to return them to her custody.

The mother also contends the father of two of the children had stabilized his life, justifying denial of the termination petition as to both parents. The mother did not have standing to raise the merits of the father's parental rights. *See In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (declining to permit one parent's joinder in best interests argument raised by another parent). In any event, the father's appeal of the termination decision was dismissed, rendering the termination ruling final as to him.

**C.** We are left with the mother's assertion her rights should not have been terminated, given the closeness of the parent-child bond. *See* Iowa Code § 232.116(3)(c). The children's therapist testified that the children "loved [their mother] very much" and, "[a]t times," wished to be reunited with her. She opined that termination of the parents' rights would be difficult for them but acknowledged termination would almost always be difficult. Ultimately, she stated the most important consideration was to afford the children an "answer about where they're going to grow up one way or the other."

This need for certainty overcame the unquestionable bond the mother shared with her children. By the time of the termination hearing, the children had been out of the mother's care for twenty-two months, saw her no more than once a week on a supervised basis, and were advised by her that she was not in a position to take them back. Under these circumstances, we conclude the district court appropriately granted the termination petition notwithstanding the closeness of the parent-child relationship.

## II. *Father*

The mother's fourth child was placed with his paternal grandmother.  The father of this child asserts the district court should have denied the termination petition because the child was in the care of a relative.  *See* Iowa Code § 232.116(3)(a).  We disagree.

The father was in prison and, according to the Department of Human Services employee overseeing the case, his tentative discharge date was "somewhere between 2019 and 2021."  The three-year-old child was no more than a toddler when his father entered prison and likely would be a pre-teen on his father's release.  While he occasionally visited his father in prison, these minimal contacts were insufficient to warrant denial of the termination petition.

## III. *Disposition*

We affirm the order terminating the mother's parental rights to these four children and the father's parental rights to his child, born in 2010.

**AFFIRMED ON BOTH APPEALS.**