**IN THE COURT OF APPEALS OF IOWA**

No. 15-0256
Filed April 8, 2015

**IN THE INTEREST OF J.O. AND X.O,**
**Minor Children,**

**C.O., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Humboldt County, Kurt J. Stoebe, Judge.

A mother appeals the termination of her parental rights to her children born in 2012 and 2013. **AFFIRMED.**

Ashley M. Emick of Arends, Lee & Emick, Humboldt, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Jonathan Beaty, County Attorney, for appellee State.

Marcy Lundberg, Des Moines, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

A mother appeals the termination of her parental rights to her two children, born in 2012 and 2013. She contends (1) the record lacks clear and convincing evidence to support termination under Iowa Code section 232.116(1)(h) (2013) and (2) the State did not make reasonable reunification efforts.

*I.* Iowa Code section 232.116(1)(h) requires the State to prove the children were three years of age or younger, were adjudicated in need of assistance, were removed from the physical custody of the mother for at least six of the previous twelve months, and could not be returned to the mother's custody. On our de novo review, we agree with the juvenile court that the State satisfied its burden of proving these elements.

The mother is the subject of two founded child abuse reports. The first arose from her failure to take the younger child to regularly scheduled medical appointments for a rare condition known as congenital adrenal hyperplasia, and her apparent failure to have an emergency injection on hand to treat the condition. The second abuse report arose from her decision to leave the toddlers home alone.

On the issuance of the first report, the children were allowed to remain with the mother. After the filing of the second report, the juvenile court ordered the children's removal from her care and placement in foster care, where they remained through the termination hearing.

At the hearing, the mother took issue with the contents of the child abuse reports. As to the first incident, she furnished evidence documenting her purchase of the emergency medication. However, she did not deny her failure to

schedule three consecutive monthly appointments for the younger child. In light of these significant omissions, a Department of Human Services social worker expressed concern with the mother's ability to understand "the severity of [the child's] condition and the long-term effects of his condition."

With respect to the second incident, the mother asserted she left the children with one of the fathers. Even if true, this father was the subject of a no-contact order based on his physical abuse of the mother while the children were in the home. Additionally, according to the department social worker, the second report was documented by a service provider who visited the mother's home and found the older child "in the living room, [with] no adult" and the younger child "upstairs in his room."

The mother also presented evidence of her progress with department goals and expectations. The department social worker acknowledged the mother made some effort to comply with services but said "[s]he'll kind of . . . take one step forward and five back." We agree with this assessment.

Although the mother attended parenting classes, she failed to complete all the assignments and appeared not to have internalized the lessons. And, while she participated in a mental health evaluation scheduled by the department and took prescription medication to level her mood swings, she only attended one therapy session to address anger management issues flagged by her own therapist and had yet to confront deep-seated trauma resulting from childhood events.

We recognize the mother regularly attended twice-weekly supervised visits with her children and improved her housing conditions, which at one point,

were deplorable. We also acknowledge substance abuse was not an issue. Finally, contrary to the department's assertion, the mother's physician reported she diligently scheduled and followed through with certain medical appointments. Nonetheless, her progress on these fronts came late in the proceedings. With only a six-month statutory window preceding termination, the mother could not afford to waste any time. See *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) (noting the statutory time frames and need "for the parents to actively and promptly respond to those services").

The mother argues, even if the statutory elements were technically satisfied, she would have benefited from a six-month extension to work towards reunification with her children. A department social worker testified otherwise. She said she did not think there was anything the department could offer to make a difference in the case. In her words, "[w]e have a one- and a two-year-old who need permanency, who need stability, who need medical needs met. And [the mother] is not able to provide that in these nine months. I don't see three extra months helping."

We conclude the State proved the children could not be returned to the mother's custody.

***II.*** The State is obligated to make reasonable efforts toward reunification. *C.B.*, 611 N.W.2d at 493-94. The mother contends the State failed in this obligation because it refused to place the children with her on a trial basis. To the contrary, the State left the children in the mother's care following the filing of the first child abuse report, only to have the mother again endanger the children by leaving them unsupervised. The mother herself acknowledged she was less

than cooperative for a period of time following the children's removal. Under these circumstances, the State did not violate its reasonable efforts mandate by declining to pursue a trial home placement.[1]

We affirm the termination of the mother's parental rights to her two children.

**AFFIRMED.**

---

[1] The children's maternal grandparents filed a "response/joinder in appellant-mother's petition on appeal," asserting "the State failed to make reasonable efforts to reunify the children." Although they intervened in the juvenile court action, they appealed no orders and have not raised "a specific personal or legal interest" of their own. *See In re N.C.*, No. 12-0944, 2012 WL 3200862 (Iowa Ct. App. Aug. 8, 2012). Additionally, the grandparents lack standing to contest the termination of the mother's parental rights. *Id.; see also In re D.G.*, 704 N.W.2d 454, 456 (Iowa Ct. App. 2005) (concluding "[a] joinder on factual or legally specific issues as to one parent's parental rights does not challenge the factual and legal reasons associated with and supporting the termination of the 'joining' parent.").