**IN THE COURT OF APPEALS OF IOWA**

No. 16-0019
Filed March 23, 2016

**IN THE INTEREST OF P.N.,**
**Minor Child,**

**D.S., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

Father appeals dispositional review order in child-in-need-of assistance proceeding. **AFFIRMED.**

Matthew D. Hatch of Hatch Law Firm, P.C., Bettendorf, for appellant father.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

Steve W. Stickle of Stickle Law Firm, P.L.C., Davenport, for minor child.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

The father appeals from a dispositional review order in this child-in-need-of-assistance proceeding. This is the second time this matter has come before the court. In September 2015, we affirmed a modification order that returned the child at issue to his mother's care and affirmed the issuance of a protective order that limited the father's contact with the child at issue. *See In re P.N.*, No. 15-1245, 2015 WL 5578314, at *1 (Iowa Ct. App. Sept. 23, 2015). The facts, circumstances, and procedural posture of the case are set forth in our prior opinion and need not be repeated herein except to note that we concluded returning the child to his mother's home was in the child's best interest. *See id.* at *4. In this appeal, the father challenges the juvenile court's decision to continue the child in the mother's care and the juvenile court's denial of his motion to change the child's therapist.

The modification of a dispositional order is provided for in Iowa Code section 232.103 (2015). To modify a dispositional order, good cause must be shown. *See* Iowa Code § 232.103. A party seeking a modification of the custody provisions of a prior dispositional order must show the circumstances have so materially and substantially changed that the best interests of the child requires such a change in custody. *See In re D.G.*, 704 N.W.2d 454, 458 (Iowa Ct. App. 2005); *In re C.D.*, 509 N.W.2d 509, 511 (Iowa Ct. App. 1993).

With respect to the placement of the child, we conclude the father failed to preserve error on the issue. The father never moved to modify custody or placement of the child. Instead, at the review hearing, the father merely voiced his concerns regarding the mother's sobriety without suggesting any alternative.

This is insufficient to preserve the issue for appeal. *See, e.g.*, *In re P.E.M.*, No. 06-1895, 2007 WL 914185, at *2 (Iowa Ct. App. Mar. 28, 2007) (holding error was not preserved with respect to placement of the child). In any event, even if error were preserved, we conclude the father failed to establish a material and substantial change in circumstances justifying a change in custody or placement of the child. The testimony received during the review hearing showed the mother relapsed in her sobriety by using alcohol but then took immediate action by availing herself of services and remaining in contact with her service providers. The service providers testified they had no concerns regarding the mother's continued sobriety and testified they had no concerns regarding the health and safety of the child while in the mother's care.

We also conclude the father failed to establish a material and substantial change in circumstances justifying a change in the child's therapist. The basis for the father's request was that the therapist required the father to admit to sexual abuse of the child as a condition of continued interaction with the child. At the review hearing, the service providers denied this was the case, testifying the father was confused regarding the issue. We find this testimony credible. Further, there is strong evidence that changing the child's therapist is not in the child's best interest. The child and the therapist have developed rapport over an extended period of time. The child is progressing in therapy. The child and the guardian ad litem requested the child be allowed to continue this beneficial therapeutic relationship.

For the foregoing reasons, we affirm the dispositional review order.

**AFFIRMED.**