# IN THE COURT OF APPEALS OF IOWA

No. 15-2209
Filed April 6, 2016

**IN THE INTEREST OF A.D., C.D., and J.D.,**
**Minor Children,**

**J.M.-D., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Ida County, Mary L. Timko, Associate Juvenile Judge.

A mother appeals the modification of a dispositional order removing her children from her care. **AFFIRMED.**

Elizabeth D. Specketer of Specketer Law Firm, Rembrandt, for appellant mother.

Thomas J. Miller, Attorney General, and Bruce Kempkes, Janet L. Hoffman, and Mary A. Triick, Assistant Attorneys General, for appellee.

Lesley D. Rynell of the Juvenile Law Center, Sioux City, for minor children.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A mother appeals the modification of a dispositional order removing her children from her care. We find there was a substantial change of circumstances warranting modification of the placement of the children, and the evidence established continuation of the children in the mother's care would be contrary to their welfare. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

J.M.-D. is the mother of J.D., born in 2004; C.D., born in 2006, and A.D., born in 2008.[1] The Iowa Department of Human Services (DHS) most recently became involved with the family in January 2015,[2] when J.D. and C.D. started arguing in the kitchen and J.D. threw a knife at C.D., hitting him in the back. C.D. required stitches for the injury. The mother was charged with child endangerment because she did not immediately take C.D. to the hospital.

The State filed a petition alleging the children were in need of assistance (CINA). The juvenile court entered a CINA adjudication order on March 25, 2015, based on Iowa Code section 232.2(6)(c)(1) and (c)(2) (2015). The court noted the mother "reports struggling to gain and maintain control over the children's behaviors." The dispositional order, filed on May 29, 2015, continued the placement of the children in the mother's home, with DHS providing protective supervision.

---

[1] The children's father was deported and his whereabouts were unknown. He has no contact with the children.
[2] The family was voluntarily involved in services from March to August 2014. Also, the mother's parental rights to three older children were previously terminated.

The mother and children participated in services. The mother had a psychological evaluation in which she was diagnosed with major depressive disorder and generalized anxiety disorder. The report noted the mother has low intellectual functioning. In addition, she has been diagnosed with multiple sclerosis.

On September 24, 2015, the guardian ad litem (GAL) filed a motion to modify the placement of the children. The GAL claimed that despite the receipt of services, the mother was unable to improve her parenting skills. Because the mother did not follow through with consequences for the children's negative behavior, the children were disrespectful to her, including engaging in physical aggression against her. The mother often did not know where the children were. The children ate, slept, and came home when and if they wanted, ignoring the requests of their mother. The State agreed with the GAL's recommendation to remove the children from the mother's care.

After a hearing, the juvenile court entered an order on December 11, 2015, modifying the dispositional order to remove the children from the mother's care and place them in suitable foster care. The court found there had historically been problems with supervision in the home. The court stated:

> As the case continued, other issues rose to the surface. Those issues included the children's hygiene, the children assaulting each other, as well as the children assaulting [the mother]. The children have demonstrated by their actions and words that they have no respect for their mother or her rules.

The court noted services had been offered to the mother, but she "has been unable to take advantage of the same and her inability to perform the most basic parenting tasks puts her children at risk in her care." The court determined there

had been a substantial change in circumstances warranting a modification of the dispositional order. The mother appeals the decision of the juvenile court.

## II.     Standard of Review

Our review in CINA proceedings is de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "In reviewing the proceedings, we are not bound by the juvenile court's fact findings; however, we do give them weight." *Id.* "As in all juvenile proceedings, our fundamental concern is the best interests of the child." *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). Allegations in CINA proceedings must be proven by clear and convincing evidence. Iowa Code § 232.96(2).

## III.     Substantial Change in Circumstances

Section 232.103 provides for the modification of dispositional orders. *In re D.S.*, 563 N.W.2d 12, 14 (Iowa Ct. App. 1997). "Before a dispositional order in a juvenile proceeding can be modified, the party seeking modification must first prove a substantial change in material circumstances, and that under the new conditions, a change is in the best interests of the child or children." *In re D.G.*, 704 N.W.2d 454, 458 (Iowa Ct. App. 2005).

The mother claims there is not sufficient evidence in the record to show there had been a substantial change in circumstances. On our de novo review, we conclude there was a substantial change in circumstances. At the time of the dispositional order on May 29, 2015, the expectation was the mother would be able to care for the children with the receipt of services. Although the mother received services, due to her mental health and intellectual problems, she was unable to improve her parenting skills to the extent needed to meet the children's needs. We agree with the juvenile court's statement, "[T]here has been a

substantial change in circumstances warranting a modification of disposition and that the situation has grown much worse placing the children at an extreme risk to their health, safety, and well-being."

### IV.    Removal of Children

The mother claims there is insufficient evidence in the record to show it was in the children's best interests to remove them from her care. She states while there were concerns that needed to be addressed, the children were not at risk of harm in her care. She states she accepted services and was working to improve her parenting skills. The mother claims the children's behavior was improving, rather than getting worse.

Whenever possible, children should be permitted to remain at home with the children's parents. Iowa Code § 232.102(5)(a). Children may be removed from a parent's care based upon clear and convincing evidence the children cannot be protected from some harm which would justify a CINA adjudication. *Id.* There must also be clear and convincing evidence "continuation of the child[ren] in the child[ren]'s home would be contrary to the welfare of the child[ren]," and reasonable efforts have been made to keep the children in the home. *Id.* § 232.102(5)(b); *see also In re D.T.*, 435 N.W.2d 323, 329 (Iowa 1989).

The children are subject to a CINA adjudication due to a finding they were likely to be harmed based on the mother's failure to exercise a reasonable degree of care in supervising them. *See* Iowa Code § 232.2(6)(c)(2). There was clear and convincing evidence in the record to show continuation of the children in the mother's care would be contrary to the welfare of the children. As the

juvenile court noted, the mother's "inability to perform the most basic parenting tasks puts her children at risk in her care." Additionally, the State engaged in reasonable efforts to keep the children in the home by providing services to the mother and the children. We conclude the juvenile court properly determined the children should be removed from the mother's care.

We affirm the decision of the juvenile court.

**AFFIRMED.**