# IN THE COURT OF APPEALS OF IOWA

No. 18-0218
Filed April 4, 2018

**IN THE INTEREST OF P.R.K., B.L.K., and P.B.K.,**
**Minor Children,**

**D.L., Mother,**
　　Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.


A mother appeals the termination of her parental rights to her children. **AFFIRMED.**


Vanessa E. Strazdas of Strazdas Law, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Marti D. Nerenstone, Council Bluffs, guardian ad litem for minor children.


Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

A mother appeals the termination of her parental rights to her children, asserting the State failed to prove the grounds for termination and the court should not have found termination is in the best interests of the children. Because we agree with the district court that the children could not be returned to the mother's care at the time of the termination hearing and termination is in the best interests of the children, we affirm.

## I.  Background Facts and Proceedings

On September 11, 2015, P.R.K., born in 2015; B.K., born in 2013; and P.B.K., born in 2011, came to the attention of the Iowa Department of Human Services (DHS) upon allegations the mother and father were using methamphetamine and there was domestic violence in the home.[1] The mother admitted to using marijuana before her most recent pregnancy and agreed to submit a hair-stat test on September 14. On September 15, the DHS learned the mother did not complete the hair-stat test, and the DHS was unable to make contact with the mother. On October 2, the mother complied with drug testing and tested positive for amphetamines, methamphetamine, codeine, and THC metabolites. The mother was directed to undergo a substance-abuse evaluation and comply with recommended services. The mother was also offered a variety of reunification services. On October 5, the children were removed from the mother's care and placed with their maternal great-grandmother, where they remained through the termination hearing.

---

[1] The father's parental rights were also terminated. He does not appeal.

On November 9, the children were adjudicated as children in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2015). A permanency order was entered on September 12, 2016, and the court determined the mother was not engaging in the services offered and had not utilized the visitation offered by the DHS. The DHS continued to offer the mother services to deal with her substance abuse as well as other areas of concern. With little, if any, progress being made, in October 2017, following a permanency review hearing, the court determined the children had been out of the mother's care for the past twenty-four months and the mother had not utilized the services offered. The court further found the mother had been incarcerated twice since removal of the children, with the most recent incarceration for possession of a controlled substance (methamphetamine) with the intent to deliver still pending resolution.

Thereafter, the State filed a petition to terminate the mother's parental rights, which came on for hearing on January 8, 2018. The court issued its order on January 23, terminating the mother's parental rights under Iowa Code section 232.116(1)(e), (f), (h), and (*l*) (2017). The mother appeals.

## II.  Standard of Review

Our review of termination proceedings is de novo; we give weight to the district court's factual findings but we are not bound by them. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

## III.  Grounds for Termination

The mother asserts the State failed to prove the statutory grounds for termination under Iowa Code section 232.116(1)(e), (f), (h), and (*l*). "When the juvenile court terminates parental rights on more than one statutory ground, we

may affirm the juvenile court's order on any ground we find supported by the record." *Id.* at 774. We focus our review on paragraphs (f) and (h).

To terminate the mother's parental rights to B.K. and P.B.K. under Iowa Code section 232.116(1)(f), the State must establish by clear and convincing evidence the children (1) are four years of age or older, (2) have been adjudicated CINA, (3) have been removed from the home for twelve of the last eighteen months, or for the last twelve consecutive months, and (4) cannot be returned to the parent's custody as provided in section 232.102 at the present time. Likewise, to terminate the mother's parental rights to P.R.K. under section 232.116(1)(h), the State must establish by clear and convincing evidence the child (1) is three years of age or younger, (2) has been adjudicated a CINA, (3) has been removed from the home for six of the last twelve months, and (4) cannot be returned to the parent's custody as provided in section 232.102 at the present time.

While the mother contends the State failed to prove all four elements of section 232.116(1)(f) and (h), she specifically asserts the State failed to prove the fourth element of each paragraph. The mother asserts although she remained incarcerated on unresolved criminal charges, she could have had the children placed with her soon after the termination hearing. She also claims the court could have placed the children with the father until she was able to have them in her care. We note the father's parental rights were terminated and he does not appeal, making placement with the father unachievable. Moreover, the mother does not have standing to assert that argument on his behalf in an effort to reverse the termination of her parental rights. *See In re D.G.,* 704 N.W.2d 454, 460 (Iowa Ct.

App. 2005) (stating one parent cannot assert facts or legal positions pertaining to the other parent, as the court makes a separate adjudication as to each parent).

Additionally, the mother acknowledged she was incarcerated in Nebraska at the time of the termination hearing and would not be released until January 26—although she provided no verification of her release date. She also acknowledged the existence of pending drug-related criminal charges in Iowa. Nonetheless, she asserts she was trying to get into a Nebraska program where she could continue to work on her sobriety and have the children in her care. Despite her intentions, the Nebraska charges and the Iowa charges were still pending disposition, resulting in uncertainty around her future and, therefore, her ability to have the children in her care. Because the mother acknowledged the children could not be placed in her care at the time of the termination hearing, and because of the uncertainty around the resolution of both the Nebraska and Iowa charges, we find the State proved section 232.116(1)(f) and (h) by clear and convincing evidence.

## IV. Best Interests & Permissive Factors

We next consider the mother's argument that termination is not in the children's best interests and that her bond with the children should preclude termination. In doing so, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). The mother contends the bond she shares with the children should preclude termination. *See id.* § 232.116(3)(c).

In determining termination was in the best interests of the children, the district court stated:

These children have been out of their parents' care since September 21, 2015. The children are all at a very young age and need permanency in their lives. Any bond which exists between each and a parent is far outweighed by the children's need for permanency. In giving primary consideration to the children's safety, to the best placement for furthering the long-term nurturing and growth of the children and to the physical, mental and emotional condition and needs of the children, the Court finds the petition should be granted so that the children can have permanency in their lives. In applying the provisions of this code section, this Court believes the need for permanency far outweigh any of the provisions enunciated in Iowa Code section 232.116(2) & (3).

At the time of the termination hearing in January 2018, these three very young children had not lived with their mother for over two years and the youngest child was removed at the tender age of three months. Because of the length of time the children had been out of the mother's care and the long-term stability they would gain by termination, we agree it was in the children's best interests to terminate the mother's parental rights and nothing precluded termination.

## V. Conclusion

Because of the uncertainty surrounding the mother's pending criminal charges, her lack of compliance with offered services, the resulting risk of adjudicatory harm to the children, the children's need for stability and permanency, and the lack of factors precluding termination, we affirm the termination of the mother's parental rights.

**AFFIRMED.**