# IN THE COURT OF APPEALS OF IOWA

No. 18-1030
Filed August 1, 2018

**IN THE INTEREST OF P.W.,**
**Minor Child,**

**E.W., Mother,**
  Appellant,

**X.W., Father,**
  Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother and father separately appeal the termination of their parental rights.  **AFFIRMED ON BOTH APPEALS.**

Lori M. Holm of Holm Law Office, Des Moines, for appellant mother.

Kelsey L. Knight of Carr Law Firm P.L.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Brent M. Pattison of Drake Legal Clinic, Des Moines, guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

A mother and father separately appeal the termination of their parental rights to their son, P.W., born April 2017.

## I. Background Facts and Proceedings

The family came to the attention of the Iowa Department of Human Services (DHS) after P.W. tested positive for THC at birth. Four days later, the mother tested positive for THC and the father tested positive for THC and methamphetamine. Both parents consented to a temporary removal order on April 26, 2017. On May 4, after both parents stipulated as to the continued need for removal, the court entered a removal order due to unresolved mental-health, substance-abuse, and domestic-violence issues concerning both parents as well as previous DHS involvement concerning the father's three older children.

On June 9, P.W. was adjudicated a child in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2), (n), and (o) (2017). Following the CINA adjudication, the mother provided a sweat patch that tested positive for methamphetamine. At the dispositional hearing—held on July 18 and August 17— the court found neither parent was participating in domestic-abuse services or substance-abuse treatment. The court noted that while the parents claimed they had issues with insurance coverage, they did not take advantage of free support services. At the December 14 permanency hearing, the mother's substance-abuse therapist reported the mother's participation in services was "inconsistent." At the same hearing, the DHS also reported neither parent had provided a drug screen as required.

The State petitioned to terminate the parents' parental rights on February 26, 2018.  A contested hearing was held on March 29, after which the district court terminated the mother's parental rights to P.W. under Iowa Code section 232.116(1)(h) (2018) and the father's parental rights under section 232.116(1)(g) and (h).

The mother and father separately appealed.

## II.  Standard of Review

We review termination proceedings de novo, giving weight to, but not being bound by, the district court's fact findings.  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  There must be clear and convincing evidence of the statutory grounds for termination.  *Id.*

## III.  Grounds for Termination

The mother asserts the State failed to prove the statutory grounds for termination by clear and convincing evidence under Iowa Code section 232.116(1)(h) and the father asserts the State failed to prove the statutory grounds for termination under section 232.116(1)(g) and (h).  "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."  *In re A.B.*, 815 N.W.2d 765, 774 (Iowa 2012).  Accordingly, we will proceed under paragraph (h) as to both parents.

Under section 232.116(1)(h), the court may terminate parental rights if it finds the State has proved by clear and convincing evidence the child (1) is three years of age or younger; (2) has been adjudicated CINA; (3) has been removed from the physical custody of the parent for the last six consecutive months and any

trial period at home has been less than thirty days; and (4) cannot be returned to the parent's custody at the time of the termination hearing. The only question is whether there was clear and convincing evidence P.W. could not be returned to the mother's or the father's custody at the time of the termination hearing. Iowa Code § 232.116(1)(h)(4); *see In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014) (indicating the statutory language "at the present time" refers to the time of the termination hearing).

At the time of the termination hearing, the father resided at the Fort Des Moines Correctional Facility and he acknowledged P.W. could not be returned to him at the present time. Instead, he advocated for P.W.'s placement with the mother. The father does not have standing to assert this argument on her behalf in an effort to reverse the termination of his parental rights. *See In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (stating one parent cannot assert facts or legal positions pertaining to the other parent, as the court makes a separate adjudication as to each parent). In addition, the father did not cooperate with recommended services, including drug screens. Accordingly, the State proved by clear and convincing evidence that P.W. could not be returned to the father at the time of the termination hearing.

As to the mother, the DHS reported she did not follow through with mental-health services. Further, the mother's lack of participation in domestic-violence courses is concerning given the parents' history of domestic assault, including the November 27, 2017 incident at the hospital when the mother and father were involved in an altercation and the father told the mother he would "shoot her in the head." The father was subsequently arrested for trespass after he refused to leave

the hospital and threatened to "shoot it up." In another incident the mother pled guilty for domestic assault, in which the father insisted she was not the aggressor. Further, the district court found the mother's positive drug-test patch indicating methamphetamine use was valid and did not find the mother's explanation of how she could have tested positive by someone "bumping" into her at the store to be credible. The mother did not follow through with substance-abuse services and did not submit to drug testing in the months leading up to the termination hearing. Given the mother has not complied with services required by the court, the State has proved by clear and convincing evidence that P.W. could not be returned to the mother at the time of the termination hearing.

## IV. Best Interests and Precluding Factors

The mother and the father also claim termination was not in the best interests of the child under Iowa Code section 232.116(2) because of the bond each parent shares with P.W.[1] P.W. was removed from his parents' care immediately after his birth and remained in foster care through the life of this case. The DHS testified that the foster family is meeting the child's needs and they are willing to adopt him. The parents, on the other hand, are not able to meet P.W.'s needs as they have periods of drug relapse after years of admitted drug usage; unmet domestic-violence issues, including incidents in front of service providers; and unmet mental-health needs, which both acknowledge they have but have yet

---

[1] This argument is misplaced because the closeness of the parent-child relationship is a consideration under section 232.116(3); before we consider the bond, we examine subsection (2). Under subsection (2), the juvenile court must give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."

to address. P.W. needs permanency and does not need to wait for either parent to prioritize his safety and stability over their own issues. "Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable." *In re T.J.O.*, 527 N.W.2d 417, 422 (Iowa Ct. App. 1994) (internal citations omitted).

In addition, the mother and the father assert the court did not need to terminate the parent-child relationship because termination would have been detrimental to P.W. due to the bond he shares with the parents. *See* Iowa Code § 232.116(3)(c). The factors militating against termination in section 232.116(3) are permissive, not mandatory. *See In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). Despite testimony of a bond between P.W. and his parents, the district court found there were no legal exceptions that would preclude termination because of P.W.'s young age and his need for permanency. We agree. Although P.W. may have responded to his mother or father during visits, he was removed from their care at birth. While the mother was fairly consistent with visits, the father was incarcerated during much of these proceedings. There is no evidence the bond was so strong it would be detrimental to P.W.'s further development.

## V. Conclusion

Because of the parents' lack of participation in offered services, P.W. could not be returned at the time of the termination hearing. Also, termination was in the child's best interests and no factors precluded termination.

**AFFIRMED ON BOTH APPEALS.**