# IN THE COURT OF APPEALS OF IOWA

No. 14-0487
Filed May 29, 2014

**IN THE INTEREST OF R.B. AND A.B.,**
**Minor Children,**

**S.B., Mother,**
**Appellant,**

**B.B., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Floyd County, Karen K. Salic, District Associate Judge.

A mother and father appeal from the termination of their parental rights to two children. **AFFIRMED.**

Marilyn Dettmer, Charles City, for appellant mother.

David Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Normand Klemesrud, County Attorney, for appellee State.

Cynthia Schuknecht, Charles City, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

A mother and father appeal from the termination of their parental rights to two children.[1] They argue clear and convincing evidence does not support termination. We affirm, finding clear and convincing evidence supports the termination of the mother and father's parental rights.

## I. Facts and proceedings.

The department of human services (DHS) has been involved with the family for almost the children's entire lives. Both children are age three or younger.[2] DHS became involved with the family in August 2011 after a founded child abuse report of denial of critical care. This report was based in part on unsafe conditions in the home. R.B. (A.B. was not yet born) was removed from the home to live with relatives while the home was cleaned. R.B. returned to the home, but was removed again in November after the condition of the home once more deteriorated. R.B. again returned to the home. DHS began providing services to the parents in February 2012. In June 2012, the condition of the home again deteriorated and a safety plan was established. Both R.B. and A.B.

---

[1] While the mother filed her own notice of appeal, she did not file a separate brief; instead she requests to join the father's appeal in its entirety. The State has responded to the arguments on appeal as to both parents. Because the ground for termination as to both parents is the same, the majority of the facts supporting termination are jointly applicable, and the arguments made by the father apply to both parents, we grant the mother's request to join the father's appeal. *In re D.G.*, 704 N.W.2d 454, 457 (Iowa Ct. App. 2005) (noting our joinder rule in appellate procedure "impliedly requires that the interests of the joining parties, as advanced on appeal, be the same, or if not, that the facts and issues applicable to each are separately stated in a joint appeal.").

[2] The State also sought termination of parental rights to a third child who was born during the pendency of the child in need of assistance proceedings, however, the district court did not terminate the parents' rights to the child because the child had not yet been out of the home for a sufficient period of time before the termination proceedings.

were placed with relatives. In September 2012, the children were approved to return home.

In November 2012 the home was again unsanitary, and the safety plan was enacted. Another founded child abuse report was made December 18, 2012, again regarding the condition of the home. Between February and December of 2012, the children were removed from the home five times. The children were adjudicated children in need of assistance (CINA) on January 23, 2013. Aside from the unsanitary and unsafe condition of the home, DHS also found the father's excessive use of alcohol and associated anger was of concern. Just before the CINA adjudication hearing, both children were playing with cleaning chemicals and R.B. received a hairline fracture while playing with the father. After the CINA adjudication, both children were again removed and placed with relatives.

A dispositional hearing was held March 14, 2013. The parents continued to struggle with cleanliness and engagement with the case plan. The parents underwent psychological evaluations after this hearing and submitted the reports of the evaluations to the court during a dispositional review hearing held June 13, 2013. The evaluations were found to have limited use due to the parents' dishonesty with the evaluator. The evaluations did show lower cognitive ability of the parents and limited understanding of the children's developmental needs. The court found this lack of understanding troubling, because services had been provided to the parents for a year and a half at that time with no improvement. The parents' visits with the children at this time were semi-supervised. The

father struggled to interact with the children during the visits, sometimes leaving the visit to work outside.

In September 2013, an argument between the mother and father escalated to the police being called and a civil committal attempted (but dismissed) for the father as a result of his alcohol consumption and attempts to self-harm. Another review hearing was held in October 2013. The court noted the house was only cleaned just before the visits and was still unsafe for the children and dirty at the time of the visits, and the parents struggled to supervise the children during the visits. In November, the visits were supervised as a result of the father's drinking problems. Ultimately, the father was discharged from alcohol treatment for lack of participation.

A permanency hearing was held in December 2013. The court noted the mother still struggled to care for the children adequately during semi-supervised visits. Despite continued services, both parents failed to clean the home adequately and were unable to place the needs of the children ahead of their own distractions, resulting in the children being provided with inadequate supervision. The court found the children could not be returned to the home.

The State filed a termination-of-parental-rights petition in January 2014. A termination hearing commenced February 27, 2014. The court found the reasons for the CINA adjudication were still present—the parents still struggled to provide reliable care for the children, they still could not maintain the condition of the home, and the father still struggled with substance abuse. The court terminated the parental rights of the mother and father to R.B. and A.B. under

Iowa Code section 232.116(1)(h) (2013). The father (joined by the mother) appeals.

## II. Analysis.

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual findings of the district court, especially regarding credibility determinations, but we are not bound by them. *Id.* The court terminated the parents' rights under Iowa Code section 232.116(1)(h), which reads termination is proper where:

> h. The court finds that all of the following have occurred:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The only ground under which the parents argue termination was improper is subparagraph four—whether there is clear and convincing evidence the children cannot be returned to their care. They explain the isolated incidents of the condition of the home, the child's access to an open container of medication, accidental injury of the child, vomit-covered clothes, and choice of cheesecake for breakfast are insufficient to constitute an ongoing risk of adjudicatory harm warranting termination.

We find this argument minimizes the seriousness of the problems created by these parents and inflicted on the children. The parents have shown time and again they are unable to maintain a safe environment or provide adequate care

for their children. Our supreme court recently affirmed termination of parental rights where "some of the individual incidents cited by DHS may seem trivial and other concerns may appear to be nebulous" but the overall situation showed the parents incapable of having the children returned to their care. *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014).

Likewise, while taken in isolation, some of these incidents may seem like minor mistakes, the overall picture is clear. The parents in this case have had years to show they are capable of providing their children with proper care. Instead, they have struggled to maintain a clean and safe home environment, provide proper care when DHS was present, and improve their parenting abilities despite being given ample services to correct their deficiencies.

**AFFIRMED.**