# IN THE COURT OF APPEALS OF IOWA

No. 18-2180
Filed April 3, 2019

**IN THE INTEREST OF R.B.,**
**Minor Child,**

**T.B., Father,**
        Appellant,

**L.W., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.

The mother and father separately appeal the termination of their parental

rights.  **AFFIRMED ON BOTH APPEALS.**

Richard Hollis, Des Moines, for appellant father.

Christine E. Branstad of Branstad & Olson Law Office, Des Moines, for

appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee State.

Karl Wolle of Juvenile Public Defender's Office, Des Moines, guardian ad

litem for minor child.

Considered by Vogel, C.J., Vaitheswaran, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

The mother and father both appeal the termination of their parental rights to their child. The mother argues the State failed to prove by clear and convincing evidence that grounds for termination exist under Iowa Code section 232.116(1)(h) (2018), the district court should have granted her a six-month extension, termination was not in the best interests of the child, and termination was precluded due to relative placement and a strong bond between her and the child. Alternatively, the mother claims the district court should have established a guardianship. The father similarly argues he should be granted additional time to work toward reunification, termination is not in the best interests of the child, relative placement precludes termination, and a guardianship should have been established. We affirm the district court's determinations.

## I.      Background Information

R.B. was born in January 2016. The Iowa Department of Human Services (DHS) became involved with this family in October 2017, after concerns the mother was using methamphetamine while caring for R.B.[1] The mother admitted to using marijuana and methamphetamine on and off for fifteen to twenty years. She reported she does not use while R.B. is in her care, but she admitted to resuming care within twenty-four hours after using methamphetamine. R.B. was removed from her mother's care on December 20 and placed in the care of her maternal aunt; R.B. was later placed in the care of the mother's cousin.

---

[1] When R.B. was born, she tested positive for THC. A child protective assessment was created, but DHS later closed that case.

The mother participated in a substance-abuse evaluation on January 11, 2018, and while it was recommended she attend treatment, she never sought treatment. In March, the mother's hair-stat test was positive for methamphetamine. After this test, the mother refused to provide any further samples for hair-stat tests. The mother also struggled with mental-health issues but failed to properly address them. Despite hearing voices, the mother believed she did not need to see a therapist or inform her medication provider that her medication did not stop the voices. In one of DHS's reports to the court, DHS recounted an incident during a visit on May 16, where the mother was "yelling and swearing at people who were not present and looking at [R.B.] while she did this."

The father was incarcerated for trafficking methamphetamine at the time DHS began this assessment, but he was released on parole on March 9, 2018. After he was released, the father had a total of seven visits with R.B., one of which he fell asleep during. He was arrested again in August for six counts of forgery and was incarcerated while awaiting trial at the time of the termination hearing.

The State filed a petition to terminate both parents' parental rights on August 18. On December 7, the district court found the State proved by clear and convincing evidence the grounds for termination under Iowa Code section 232.116(1)(h). The mother and father both appeal.

## II. Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "We will uphold an

order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116." *Id.*; *accord* Iowa Code § 232.117(3) ("If the court concludes that facts sufficient to sustain the petition have been established by clear and convincing evidence, the court may order parental rights terminated."). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

### III.     Grounds for Termination

The mother argues the State did not meet its burden of proving by clear and convincing evidence that her parental rights should be terminated under Iowa Code section 232.116(1)(h).    Specifically, she challenges the State's establishment of the fourth requirement, which provides the child could not be returned to the mother's custody "at the present time."[2]    Iowa Code § 232.116(1)(h)(4).  She claims the only negative interaction between her and R.B. occurred when she yelled at the voices she heard, and she argues there is no indication that hearing voices eliminates her ability to parent appropriately. However, she does not claim R.B. could have been returned to her care at the time

---

[2] Iowa Code section 232.116(1)(h) provides termination is warranted if,
> The court finds that all of the following have occurred:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

of the termination hearing; instead, she concedes she has "additional steps to take" and argues a six-month extension should have been granted.

At the termination hearing, the mother testified that her medications only quieted the voices, she did not inform her medication provider she still heard voices, and she refused to attend therapy. The district court noted the mother, "continued to hear voices while testifying during the termination hearing." Also, the mother has admitted to using marijuana and methamphetamine for the past fifteen to twenty years, but she has not sought any substance-abuse treatment. She testified she would care for R.B. when "coming down" from a high and stated, "I don't think that the issues, per se, have anything to do with me raising my daughter." A DHS worker opined that termination was appropriate since the mother had not fully addressed her substance-abuse and mental-health issues.

At the time of the termination hearing, the mother had not properly addressed her many issues and refused to acknowledge her issues affected her ability to parent. Additionally, the mother fails to argue R.B. could have been returned to her care at the time of the hearing and concedes to needing additional time to work toward reunification. Therefore, we agree with the district court the State proved by clear and convincing evidence that grounds for termination exist. *See* Iowa Code § 232.116(1)(h).

## IV. Additional Time

Both parents argue the district court should have granted an additional six months before termination. First, the mother asserts the additional time was warranted because she was appointed new counsel two months before the termination hearing. She also argues her desire to parent, her "capacity to address

[substance-abuse] issues," and her "insight into her own use" demonstrates she could resume care of R.B. if additional time were granted. The father argues additional time should be granted because, "assuming he is found not guilty with respect to pending criminal charges and with respect to any violation of parole proceedings, he will not be incarcerated."[3]

Iowa Code section 232.104(2)(b) provides the court may authorize a six-month extension of time if it finds "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." In its order, the district court noted "[v]ery little has changed since the permanency hearing." With regard to the mother, the only changes noted were the mother's visits with R.B. became inconsistent and the mother refused to provide hair samples for drug testing. The mother testified she did not believe her issues affected her ability to parent, refused to seek substance-abuse treatment, and refused to seek further mental-health treatment. At the termination hearing, a DHS worker provided that if the district court granted additional time, the mother would "need to engage in extensive mental-health treatment and address hearing of voices and talk with her medication management team about still hearing voices and maybe adjusting her

---

[3] In his petition, the father also claims additional time should have been granted because the mother has participated in mental-health services to some degree, which undermines the State's assertion R.B. could not be returned to either parents' care. He further claims if additional time had been granted, "both parents would have had an opportunity to address [DHS's] concerns" and removal would no longer be necessary. However, the father may not raise arguments for the mother and may not use the mother's progress to bolster his claim. *See In re D.G.*, 704 N.W.2d 454, 459 (Iowa Ct. App. 2005) (noting parents may not join their arguments because "in termination of parental rights proceedings each parent's parental rights are separate adjudications, both factually and legally"). On appeal, the father must argue why his parental rights should not be terminated based on his own strengths and weaknesses. *See id.* at 460. Therefore, we will only address the father's arguments as they pertain to him.

medication. She would need to provide drug screens for the department and engage in substance-abuse treatment." Due to the mother's unwillingness to acknowledge her issues and their effects on R.B., the district court was correct in not granting an extension of time. *See* Iowa Code § 232.104(2)(b).

With regard to the father, the district court noted he had been arrested again after being released for only a few months. The father's future is uncertain because of the pending criminal charges. "We will not gamble with a child's future by asking him [or her] to continuously wait for a stable biological parent, particularly at such a tender age." *In re D.S.*, 806 N.W.2d 458, 474 (Iowa Ct. App. 2011). His lack of effort to improve his situation to be able to parent R.B. supports the district court's finding that additional time would not extinguish the need for removal. *See* Iowa Code § 232.104(2)(b).

## V. Best Interests of the Child

The mother and father both argue termination was not in the best interests of the child. The mother argues termination is not in the best interests of the child because of her strong bond with R.B. However, this argument is misplaced, since such consideration falls under Iowa Code section 232.116(3) as to why termination should not occur rather than the best-interests determination under Iowa Code section 232.116(2).[4] The father claims termination is not in the best interests of the child because he has participated in "at least eight visits."

---

[4] The mother also asserts it is in the best interests of R.B. to either grant her additional time or establish a guardianship; however, these arguments are addressed in other sections of this opinion.

"In considering whether to terminate the rights of a parent . . . , the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The district court found termination was in the best interests of R.B. because of R.B.'s young age, the parents' inability to resume care after nearly one year of offered services, the mother's dependency on R.B. to help the mother's mental health, and the father's failure to develop a "strong or safe relationship" with R.B. Also, the district court noted R.B. was doing well out of her parents' care and deserved permanency. We agree that termination was in R.B.'s best interests. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting a child's safety and need for permanency are the "defining elements" under the best-interests determination).

## VI.     Nothing Precludes Termination

Once the State has proved grounds for termination exist, the parent resisting termination has the burden of proof to establish a permissive factor under Iowa Code section 232.116(3) precludes termination. *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). Both parents assert relative placement should preclude termination. Iowa Code section 232.116(3)(a) provides a court may decline to terminate parental rights if "[a] relative has legal custody of the child." Here, no relative had "custody" of R.B., only placement during the pendency of the juvenile case. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (finding DHS's placement of a child with a relative does not amount to legal "custody" under Iowa Code section 232.116(3)(a)).

Nevertheless, "[a]n appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child. The child's best interests always remain the first consideration." *In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997). As previously discussed, the mother has failed to address her issues and fails to acknowledge her ability to parent is affected. Also, the father's future was uncertain, and even if he is found not guilty of the pending charges, he has failed to establish a relationship with R.B. or address his own issues. Therefore, we find R.B.'s placement with her relatives does not preclude termination.

The mother next argues her close bond with R.B. precludes termination. "A strong bond between parent and child is a special circumstance which mitigates against termination when the statutory grounds have been satisfied." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see* Iowa Code § 232.116(3)(c). However, this "is not an overriding consideration, but merely a factor to consider." *N.F.*, 579 N.W.2d at 341. The district court noted after the permanency hearing, the mother became inconsistent with her visits with R.B. The mother refuses to fully address her mental-health and substance-abuse issues and believes her issues do not inhibit her ability to parent. Thus, we agree with the district court, the bond between the mother and R.B. is insufficient to preclude termination. *See* Iowa Code § 232.116(3)(c).

## VII. Guardianship

Finally, the parents both argue the district court should have established a guardianship rather than terminate their parental rights. However, "a guardianship is not a legally preferable alternative to termination." *A.S.*, 906 N.W.2d at 476

(quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). In the termination order, the district court stated, "The arguments the parents make in support of guardianship relate only to the parents['] interests and not [R.B.'s]." The district court also found guardianship was not appropriate given R.B.'s young age and found termination was in her best interests. We agree that termination in this case is preferred over guardianship. *See id.* at 478 (finding a two-year-old child is unable to express any preference to guardianship and determining a safe, stable home is in the best interests of the young child).

## VIII.    Conclusion

We conclude the State proved by clear and convincing evidence the grounds for termination of the mother's parental rights, additional time would not extinguish the need for removal, termination is in the best interests of the child, and nothing in the record precludes termination. Furthermore, we find the district court appropriately rejected a guardianship.

**AFFIRMED ON BOTH APPEALS.**