**IN THE COURT OF APPEALS OF IOWA**

No. 21-1818
Filed March 2, 2022

**IN THE INTEREST OF H.P. and S.P.,**
**Minor Children,**

**G.P., Father,**
        Appellant,

**J.R., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Harrison County, Jennifer Benson

Bahr, District Associate Judge.


        The parents separately appeal the termination of their respective parental

rights.  **AFFIRMED ON BOTH APPEALS.**


        Justin R. Wyatt, Glenwood, for appellant father.

        Eric D. Puryear and Eric S. Mail of Puryear Law P.C., Davenport, for

appellant mother.

        Thomas J. Miller, Attorney General, and Toby J. Gordon, Assistant Attorney

General, for appellee State.

        Donna Bothwell, Logan, attorney and guardian ad litem for minor children.


        Considered by Tabor, P.J., Schumacher, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**POTTERFIELD, Senior Judge.**

A mother and father separately appeal the termination of their parental rights to two children, H.P. and S.P., born in 2018 and 2019 respectively. The juvenile court relied on Iowa Code section 232.116(1)(h) (2021) for termination. The mother argues the juvenile court abused its discretion in denying her motion to continue the termination trial. The father argues the grounds for termination have not been established. In the alternative, the father requests an extension of time for reunification efforts. Both parents assert the termination of their parental rights is not in the children's best interests and the bond each shares with the children precludes termination. We affirm.

**I. Background Facts and Proceedings.**

In October 2019, the mother was reported to have posted a Snapchat video of her smoking methamphetamine.[1] In December, the mother tested positive for and admitted recent use of methamphetamine; the family was placed under a safety plan where the father (who tested negative for all substances) would supervise the mother and children and assure their safety. The mother agreed to maintain sobriety and obtain a mental-health evaluation. In March 2020, due to the parents' lack of compliance and concerns the mother continued to use methamphetamine, the children were removed from the home and placed with a

---

[1] Snapchat is "the proprietary name of an image messaging service and application, through which users can share images that may be private and temporary or public and stored for retrieval." *Snapchat*, Dictionary.com, https://www.dictionary.com/browse/snapchat (last visited Feb. 23, 2022); *accord State v. Wilson*, No. 19-2051, 2020 WL 5944454, at *5 n.4 (Iowa Ct. App. Oct. 7, 2020).

paternal aunt.[2] In September they were adjudicated children in need of assistance (CINA).

The parents cycled between times when both parents would communicate and cooperate with the Iowa Department of Human Services (DHS) and other times when both parents denied the mother's methamphetamine use and refused all services beyond visitation and the father supported the mother's refusal to participate in any additional drug testing. The father was unable to recognize when the mother used methamphetamine and denied it occurred despite her repeated positive tests and admissions of use. When shown evidence the mother tested positive for methamphetamine, the father claimed DHS changed the results. Both parents blamed others and DHS for the case continuing rather than take steps to achieve reunification.

After the mother tested positive and admitted using methamphetamine in December 2020, she moved out at the father's request and stayed with her grandmother. However, shortly after that she recanted her admission and was living in the home again without pursuing any treatment. After more positive tests in spring 2021, the mother admitted her methamphetamine use and entered inpatient treatment, successfully completing it in early June. In July, she stopped attending follow-up outpatient treatment and relapsed, testing positive for methamphetamine in July and August. She moved back in with her grandmother and reengaged with treatment after the second positive test, but she left many of her belongings in the father's home.

---

[2] The children's five older half-siblings were also removed from the home and placed with their other parents.

After a hearing in September, the juvenile court terminated both the mother's and father's parental rights pursuant to section 232.116(1)(h). The parents separately appeal.

## II. Standard and Scope of Review.

Our review of termination cases is de novo. *In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021). We give weight to the juvenile court's fact findings, particularly in assessing witness credibility. *Id.* "[I]n termination of parental rights proceedings each parent's parental rights are separate adjudications, both factually and legally." *In re D.G.*, 704 N.W.2d 454, 459 (Iowa Ct. App. 2005). We consider each parent's strengths and weaknesses individually. *Id.* at 460.

## III. Discussion

We use a three-step analysis to review termination of parental rights:

First, we "determine whether any ground for termination under section 232.116(1) has been established." If we determine "that a ground for termination has been established, then we determine whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights." Finally, if we conclude the statutory best-interest framework supports termination, "we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights."

*In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2018) (citations omitted). If a parent does not contest a step, we do not have to address it. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

### A. Mother's Appeal.

The mother does not dispute the grounds for termination have been established. On appeal, she argues the juvenile court erred in denying her motion

to continue and termination is not in the children's best interests due to her bond with the children.

The mother argues the juvenile court should have considered her progress and reengagement with outpatient treatment and granted a continuance. We review the denial of a motion for continuance for abuse of discretion. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). "A court abuses its discretion when 'the decision is grounded on reasons that are clearly untenable or unreasonable,' such as 'when it is based on an erroneous application of the law.'" *Id.* (citation omitted).

The hearing for termination of parental rights was originally scheduled for July 27, but it was continued at the State's request because the mother successfully completed inpatient treatment and both parents were making progress towards reunification. Several days after the motion to continue was granted, the mother again tested positive for methamphetamine and amphetamines. Another test in August showed even higher levels of methamphetamine and amphetamines in her system.

The juvenile court considered the parents' pattern of compliance and resistance to services throughout the case, their regression immediately after the prior continuance, and general lack of progress, determining "it is unlikely the children could be returned to the care of either parent within the next six months." "While we recognize the law requires a 'full measure of patience with troubled parents who attempt to remedy a lack of parenting skills,' Iowa has built this patience into the statutory scheme of Iowa Code chapter 232." *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) (citation omitted). The statutory period lapsed one year before the termination hearing. *See* Iowa Code § 232.116(1)(h)(3)

(establishing a six month statutory time frame for children three years of age or younger). Under the circumstances, the court's denial of the motion to continue was not unreasonable and not an abuse of discretion.

The mother also asserts she is bonded with the children and termination is not in the children's best interests. She notes she has been with the children every day since treatment under the supervision of her parents. The reports submitted by DHS to the court before each hearing and the visitation reports from those supervising visits all acknowledge a bond between the children and the parents. However, a bond alone does not establish "clear and convincing evidence that the termination would be detrimental to the child." *See* Iowa Code § 232.116(3)(c).

Our consideration centers on whether the children will be disadvantaged by termination and if that overcomes the reasons for termination. *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010). The mother relapsed at least twice since completing inpatient treatment but has been with the children every day—which would include the days she used methamphetamine. We find any detriment to the children caused by termination does not overcome the harm posed by the mother caring for them while under the influence. Termination of the mother's parental rights is in the children's best interests, and we affirm the juvenile court.

**B. Father's Appeal.**

The father challenges the grounds for termination, requests additional time for reunification, and argues termination would be detrimental to the children due to the closeness of the parent-child bond and not in the children's best interests.

For the juvenile court to terminate under section 232.116(1)(h), the State must prove four elements:

       (1) The child is three years of age or younger.
       (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
       (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
       (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The father does not contest the first three elements for either child. H.P. was three years old and S.P. was two years old at the time of the September 2021 termination hearing, were adjudicated CINA, and had been removed from both parents' custody since March 2020. The only element the father challenges is the existence of clear and convincing evidence showing the children cannot be returned to his custody. "Evidence is considered clear and convincing when there are no serious or substantial doubts as to the correctness of conclusions of law drawn from the evidence." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016) (edited for readability) (citation omitted).

The father claims that since the mother has moved out of his home, the children can be returned to him. The juvenile court expressed doubt the mother would stay out of the home, noting the mother's clothes and belongings were still in the home and her living arrangements were temporary. In the past, the father said the mother had to leave until she was sober but let her back in the home a few days later. Even after the mother's post-treatment positive test for methamphetamine, he did not make her leave until a second positive test just three weeks before the termination hearing. The children are very young and rely on others to meet their needs and protect them. The father has not demonstrated an

ability to recognize or protect the children from their mother's drug use. We find the State established the grounds for termination by clear and convincing evidence.

The father claims termination of his parental rights is not in the best interests of the children. Our best-interests analysis "give[s] primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency." *In re C.B.*, 611 N.W.2d at 495. Here, the father spent eighteen months prioritizing his relationship with the mother and their denial of her drug use over establishing a drug-free home and assuming full responsibility for the children, far beyond the six-month statutory time frame. These children have waited long enough for a parent to make them a priority. *See D.W.*, 791 N.W.2d at 707. The children are in a stable home with relatives who are willing to adopt them and have stated they intend to continue the family relationships. We find termination is in the children's best interests.

And like the juvenile court, we do not find an extension of time pursuant to Iowa Code section 232.104(2)(b) is warranted. On this record, we are unable to find specific factors, conditions, or expected behavioral changes that would comprise a basis for a determination that the need for removal of the children from the parent's care will no longer exist at the end of an additional six-month period.

The father states he has an "exceptionally strong bond" with the children and the court should apply the exception under section 232.116(3)(c). The DHS and visitation supervision reports all acknowledge a bond between the children

and the parents and note the children's eagerness to see the father. But the burden is on the father to establish any detriment to the children caused by terminating the parent's rights overcomes the reasons for termination. *See id.* at 709. As the juvenile court observed, "the record is void of clear and convincing evidence termination would be detrimental to [the children]." We agree and conclude the father has not met his burden to show terminating his parental rights would be detrimental to the children.

**AFFIRMED ON BOTH APPEALS.**