**IN THE COURT OF APPEALS OF IOWA**

No. 21-1914
Filed April 13, 2022

**IN THE INTEREST OF B.F.-C. and L.F.-C.,**
**Minor Children,**

**T.D., Mother,**
　　　Appellant,

**B.C., Father,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Kimberly Ayotte Renze,

District Associate Judge.


　　　A mother and father separately appeal the termination of their parental

rights. **AFFIRMED ON BOTH APPEALS.**


　　　Nancy L. Pietz of Pietz Law Office, Des Moines, for appellant mother.

　　　David V. Newkirk of Cunningham & Kelso, P.L.L.C., Urbandale, for

appellant father.

　　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

　　　Paul White of the Juvenile Public Defender's Office, Des Moines, attorney

and guardian ad litem for minor children.


　　　Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**BOWER, Chief Judge.**

A mother and father separately appeal the termination of their parental rights. Our review is de novo, giving weight to the juvenile court's finding of facts. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

This case arises from violence by and between the parents, drug use, and on-going danger to the children. In October 2018, the family came to the attention of the Iowa Department of Human Services (DHS) following a domestic abuse incident involving weapons between the parents, T.D. and B.C., with the children present. In the spring of 2019, a custody decree placed the children in the mother's physical care. That fall, the mother allowed her romantic partner, A.C., a registered sex offender, to provide care for the children. Child-in-need-of-assistance (CINA) petitions were filed after the mother's relationship with A.C. and A.C.'s caretaking role were reported to and witnessed by DHS. The court adjudicated the children as CINA in December but did not remove them from the mother's custody. The court ordered A.C. to not have unsupervised contact with the children.

In April 2020, the mother denied maintaining a relationship with A.C. However, in May, the children reported A.C. stayed in the family's home and the mother and A.C. "whooped" them with hangers and phone cords. The children were removed from the mother's custody and placed with the father.

In September, the father assaulted and stabbed his girlfriend,[1] which resulted in his incarceration. The children were removed and placed in foster care.

---

[1] The children were sleeping upstairs in the home when the assault occurred.

The mother made some progress towards reunification, including overnight visits, until spring 2021, when the children credibly reported drugs were being sold in the mother's home and A.C. was around. Outside reports corroborated the mother was still in a relationship with A.C. Her visitation returned to fully supervised.

In a May 2021 permanency hearing, the parties requested a six-month extension to continue reunification efforts. The juvenile court denied the request based on the lack of progress and ordered the State to file petitions for termination of both parents' parental rights.

Following a hearing in October and November, the court terminated the mother's parental rights under Iowa Code section 232.116(1)(f) (2021), and the father's rights under section 232.116(1)(e) and (f). The parents separately appeal.

In our review, we consider the three steps outlined in Iowa Code section 232.116: (1) whether the State's evidence supports a ground for termination; (2) whether termination is in the children's best interests; and (3) whether any exceptions to termination apply. *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016).

**A. The mother.** The mother seeks reversal on a number of grounds, asserting the State failed to make reasonable efforts to reunify the family due to the social worker's COVID-19 absence and the failure to transport the children to their needed therapy sessions, the court erred by ordering the State file petitions to terminate the mother's parental rights instead of granting a six-month extension under Iowa Code section 232.104(2)(b) or section 232.117(5), the court erred in terminating the mother's rights under Iowa Code section 232.116(1)(f), termination

is not in the children's best interests, and the court should have found an exception to termination due to the closeness of the mother-child bond.

The district court held a hearing on the mother's reasonable-efforts motion. The testimony established the social worker's supervisor stepped in and provided services during the worker's COVID-19 absence. Testimony from the mother and the social worker revealed only one of the missed therapy sessions was due to a miscommunication about the children's transportation. The rest of the missed sessions were due to sickness of the mother, children, or therapist; a vacation for the children; and the mother missing her transportation or otherwise not attending. Considering all the relevant circumstances, the record belies the mother's assertions, and we find the State engaged in reasonable efforts towards reunification.

In arguing the court erred in terminating her parental rights under Iowa Code section 232.116(1)(f),[2] the mother only contests the final element. She asserts the evidence was insufficient to establish the children could not be returned to her care. The mother struggled to make the changes necessary to provide a safe home for the children. For more than a year she continued a relationship with a man who abused her children—in direct violation of a court order. Moreover, the mother and children were still working to resolve her role in the abuse and instability in their lives. At the time of the hearing, the evidence supported a finding

---

[2] To terminate parental rights under section 232.116(1)(f), the court must find the child is four years old or older, the child has been adjudicated CINA, the child has been removed from the parent's physical custody for at least twelve months, and clear and convincing evidence shows the child cannot be returned to the parent's custody at the present time. "At the present time" means at the time of the termination proceeding. *See A.M.*, 843 N.W.2d at 111.

the mother was not able to safely parent her children. We find clear and convincing evidence supports termination of the mother's parental rights under section 232.116(1)(f).

The mother asserts the juvenile court should have granted a permanency extension under Iowa Code section 232.104(2)(b) or section 232.117(5).[3] "[O]ur legislature has carefully constructed a time frame to provide a balance between the parent's efforts and the child[ren]'s long-term best interests." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). In its May 2021 order denying an extension, the court observed no real progress had been made over eighteen months. The mother briefly moved to overnight visits with the children in early 2021, but then police reports showed the mother in the company of A.C. during a fight involving a gun, and A.C.'s calls to her from jail indicated an ongoing relationship. After more than three years of services and two years of court proceedings, these children need permanency, and an extension would not be in their best interests. The

---

[3] Section 232.104(2)(b) provides,

> After a permanency hearing the court shall . . . [e]nter an order . . . to continue placement of the child for an additional six months at which time the court shall hold a hearing to consider modification of its permanency order. An order entered under this paragraph shall enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period.

Section 232.117(5) states,

> If after a hearing the court does not order the termination of parental rights but finds that there is clear and convincing evidence that the child is a child in need of assistance, under section 232.2, subsection 6, due to the acts or omissions of one or both of the child's parents the court may adjudicate the child to be a child in need of assistance and may enter an order . . . .

juvenile court stated it could not make a finding that reunification was likely to occur in the requisite period, and we agree. A six-month extension was unwarranted.

The mother asserts termination is not in the children's best interests. When considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). Parenting "must be constant, responsible, and reliable." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (citation omitted). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). We find it telling that the mother continued a relationship with the children's abuser for a year after their removal and purposely deceived DHS and the court about the relationship. The mother's lack of consistency with visits, therapy, and phone calls caused the children emotional distress. One child's therapist testified the child was in "survival mode" and had anxiety relating to the uncertainty in his life. After years of turmoil, these children need a safe and stable home and have found that safety and stability with the foster family. *See* Iowa Code § 232.116(2)(b) (including the foster family placement as part of the best-interests analysis). Termination is in their best interests.

The mother asserts the court should have declined to terminate her rights because it would be detrimental to the children based on their close bond. The parent seeking to apply an exception to termination bears the burden of proof to

establish the exception. *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). In support, the mother cites testimony from one child's therapist that the child needs to maintain a relationship with parents, siblings, and half-siblings. But, the therapist also testified the child needed an environment with sufficient housing, food, support, education, and consistency so the child can "focus on the appropriate developmental skills." Reviewing the evidence, the inconsistencies of the mother's actions and the uncertainty of her level of care are more detrimental to the children's well-being than termination of the mother's parental rights. The mother has failed to carry her burden to establish the exception.

We affirm the termination of the mother's parental rights.

**B. The father.** The father contests the grounds for termination under Iowa Code section 232.116(1)(e) and (f). He also asserts termination is not in the best interests of the children and the parent-child bond statutory exception applies.

"When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *A.B.*, 815 N.W.2d at 774. We find termination was proper under section 232.116(1)(f). The children are both more than four years old and have been adjudicated CINA. Iowa Code § 232.116(1)(f)(1)–(2). The children have been out of the father's physical custody for more than twelve months and cannot be returned to his care at this time due to the father's assault of his girlfriend and subsequent arrest, conviction, and imprisonment. *See id.* § 232.116(1)(f)(3)–(4). His claims the children could be returned to the mother or placed in his fiancé's custody for the years until his release from prison is unavailing, as neither would be a return to *the father's* custody. *See In re D.G.*,

704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (noting each parent is considered separately as to their own parental rights).   The ground for termination was established by clear and convincing evidence.

The father asserts he has "very close and strong bonds" with the children. Iowa Code section 232.116(3)(c) allows a court to avoid termination where "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."   The father has not been able to see his children in more than a year because he is incarcerated.  He has been unable to even speak with the children in many months due to phone and mail restrictions related to his prison disciplinary issues.  The father has failed to carry his burden to establish his bond with the children should preclude termination of his parental rights.   *See A.S.*, 906 N.W.2d at 476.   We affirm the termination of the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**