# IN THE COURT OF APPEALS OF IOWA

No. 26-0538
Filed June 10, 2026

**In the Interest of A.F., A.F. and A.F., Minor Children,**

**M.C., Mother,**
Appellant,

**Z.F., Father,**
Appellant.

Appeal from the Iowa District Court for Fayette County,
The Honorable Linnea M.N. Nicol, Judge.

**AFFIRMED ON BOTH APPEALS**

Kristin R. Schiller Herman, Calmar, attorney for appellant mother.

Trevor J. Hurd of Elwood O'Donohoe Braun & White LLP,
West Union, attorney for appellant father.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney
General, attorneys for appellee State.

Kimberly Lange, Waterloo, attorney and guardian ad litem
for minor children.

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Ahlers, J.

1

**AHLERS, Judge.**

The juvenile court terminated the parental rights of the parents of three children born in 2017, 2018, and 2020 due to the parents' unchecked use of illegal substances. Both parents appeal.

Our review is de novo, pursuant to which we give weight to the juvenile court's fact findings, especially as to witness credibility, but we are not bound by them. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process of determining (1) whether a statutory ground for termination has been established; (2) whether termination is in the children's best interests; and (3) whether a permissive exception should be applied to forgo termination. *In re L.A.*, 20 N.W.3d 529, 532 (Iowa Ct. App. 2025) (en banc). After we address any challenges to the three-step process, we then address any additional claims raised by a parent. *Id.* Here, both parents challenge all three steps and contend that a guardianship should be established in lieu of terminating their respective rights. The mother also contends she should be given additional time to work toward reunification.

## I.     Statutory Grounds

The juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(f) and (*l*) (2025) and the father's rights under section 232.116(e), (f), and (*l*). Because termination was ordered on more than one ground for each parent, we may affirm based on any ground supported by the record. *Id.* We elect to focus on paragraph (f) for both parents. As to each parent, section 232.116(1)(f) permits termination upon clear and convincing proof that (1) the children are four years of age or older; (2) the children have been adjudicated children in need of assistance (CINA); (3) the children have been removed from the custody of the parent for at least twelve of the last eighteen months; and (4) the children cannot be returned

to the parent's custody at the present time. Each parent only challenges the sufficiency of the proof of the fourth element.

As to the mother's challenge, we agree with the juvenile court that the children could not be returned to the mother's custody at the time of the termination trial. The mother has struggled with methamphetamine use for years, which has led to multiple CINA cases and removal of the children over the past five years. Despite the focus of services designed to help with such use, the mother has not stopped her methamphetamine use. Over the seventeen-month period between the children's most recent removal and the termination trial, the mother failed to appear without good cause for most of the drug tests she was directed to attend, which suggests continued use. *See In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) (collecting cases noting missed tests are presumed positive for illegal substances). On the few occasions when she did test for the Iowa Department of Health and Human Services, the tests were frequently positive for methamphetamine. As recently as two months before the termination trial, the mother admitted methamphetamine use to her probation officer, and she did not test after that admission.

Because of her unchecked methamphetamine use, the mother never progressed beyond supervised visits. *See In re L.H.*, 13 N.W.3d 627, 629 (Iowa Ct. App. 2024) ("[The parent] never progressed beyond fully-supervised visits, which also prevented an immediate return of custody."), *overruled on other grounds by L.A.*, 20 N.W.3d at 534. As the children could not be returned safely to the mother's custody at the time of the termination trial, we affirm the juvenile court's finding of statutory grounds for termination of her rights under section 232.116(1)(f).

As to the father's challenge, we find the father has waived it. His petition on appeal does not argue that the children could be returned to his custody. Instead, he argues why the mother could regain custody of the children. But, even if we accepted his arguments regarding the mother's circumstances—which for the reasons just stated, we do not—they do not help the father, as the issue in the father's appeal is whether the children could be returned to his custody, not the mother's. *See In re C.T.*, No. 18-2199, 2019 WL 1055897, at *1 n.1 (Iowa Ct. App. Mar. 6, 2019) (collecting cases rejecting challenges to termination of one parent's rights based on the claim the child could or should be returned to the other parent); *In re D.G.*, 704 N.W.2d 454, 459 (Iowa Ct. App. 2005) (holding one parent cannot assert factual or legal positions pertaining to the other parent, as the court makes a separate adjudication as to each parent). So, the father waived his challenge. Even if he hadn't, he was incarcerated at the time of the termination trial and facing an unknown period of future incarceration. The children could not be returned to his custody as a result, so the juvenile court correctly found a ground for terminating his rights under section 232.116(1)(f).

## II. Best Interests

As for their next challenges, the mother and father focus on the evidence of their bonds with the children to argue that termination is not in the children's best interests. Such bonds are a relevant consideration in assessing the best-interest step of the three-step review process. *L.A.*, 20 N.W.3d at 535. After noting strong bonds between the children and the parents, the juvenile court made these findings about the children's best interests:

> The best interests of the children in interest would be served by terminating the parental rights of [their parents] so that they can be

4

adopted. The children's safety can best be insured by termination of parental rights and adoption. The prior child in need of assistance cases and successful reunification show that both [parents] can achieve and maintain sobriety, but that sobriety is short in duration and not long enough to last throughout the childhood of these children.

> The best placement for furthering the long-term nurturing and growth for the children is with [the current foster parents]. The placement with [the current foster parents] provided the children with the stability necessary for them to know who they are and participate successfully academically in school and feel safe from foster care drift. These children suffered in family foster care. They were separated from each other in prior CINA cases and had foster parents who restricted their ability to be the individual girls that they are.

> These children need to know where they are going to live and who will fill the role of everyday parents. The children need to stay together as a sibling group, and the best opportunity to do that and to maintain the stability they have had is to terminate the parental rights of their parents.

Following our de novo review, we agree with these findings and conclusions of the juvenile court. In doing so, we recognize that the record is undisputed that there is a strong bond between the parents and the children, so there will undoubtedly be emotional trauma to the children by terminating their parents' rights. But when that trauma is compared to the trauma the children would suffer from the continued instability, uncertainty, lack of safety, and stress that comes with methamphetamine-addicted parents if the parents' rights were not terminated, we conclude that terminating the parents' rights is in the children's best interests.

## III. Permissive Exception

Iowa Code section 232.116(3) provides several exceptions that, if applicable, would permit the juvenile court to deny termination of the parents' rights. The exceptions are permissive, not mandatory, and the

5

burden is on the parent challenging termination to prove applicability of an exception. *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018).

Here, both parents rely on the exception set forth in section 232.116(3)(c), which permits the court to deny termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship[s]." The parents again focus on their bonds with the children to argue this exception applies. But, for the same reasons we found those bonds did not undermine the conclusion that termination of parental rights is in the children's best interests, we also find they do not warrant application of this exception. The children are thriving in their current placement with their current foster parents, and the foster parents intend to adopt the children. That home is the only stable home the children have known for the past five years. While some trauma to the children will almost inevitably come with a termination of their parents' rights, we do not find clear and convincing evidence that terminating either parent's rights will be detrimental to the children in the long run. So, each parent has failed to meet the parent's burden to prove applicability of section 232.116(3)(c), and we affirm on this issue.

## IV.   Guardianship

Both parents rely on Iowa Code section 232.104(2)(d)(2) to argue that a guardianship should have been established with the current foster parents as guardians instead of terminating their parental rights. Their argument fails for multiple reasons. First, the guardianship option favored by the parents is a permanency option in the underlying CINA proceedings. *See* Iowa Code § 232.104(2)(d)(2). But to establish guardianships in lieu of termination following a termination trial, both the termination-of-parental-

rights and CINA subchapters of Iowa Code chapter 232 require a finding that termination of parental rights is not warranted. *See id.* § 232.117(5) (permitting entry of a permanency order under section 232.104 only if "the court does not order the termination of parental rights"); *see also id.* § 232.104(4) (requiring clear and convincing evidence that termination of parental rights is not in the children's best interests before permitting entry of a permanency order under section 232.104(2)(d), which would include establishment of a guardianship under section 232.104(2)(d)(2)). For the reasons stated, we have already found that termination of parental rights is warranted and in the children's best interests, so the statutory requirements that permit establishment of a guardianship in lieu of termination have not been met.

Second, the parents failed to identify an appropriate person willing to serve as the children's guardian. Due to the uncertainty surrounding a guardianship, the current foster parents are not willing to serve under a guardianship. The juvenile court made these findings on this issue:

> [The current foster parents], the placement for these children, are not willing to continue to have the children in their care under a guardianship. If the Court granted the parents' request for guardianship, that would place the girls in jeopardy of being separated again and in foster care drift. The Court will not put these children in jeopardy. The children's current placement is stable. The children's current placement is a place where the children have been integrated into the family home.

We agree with this assessment to conclude that this is another reason why guardianship in lieu of termination is not the proper path.

Finally, "guardianship is not a legally preferable alternative to termination." *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021) (citation omitted). These children are nine, seven, and six years old. They have lived

in chaos for much of the past five years due to the actions of their parents. We decline to subject them to the risk of future uncertainty for what remains of their childhood by placing them under a guardianship rather than terminating their parents' rights and freeing them for adoption.

## V. Additional Time

The mother asks for additional time to work toward reunification. This is a permissible option under the statute if termination is denied. *See* Iowa Code § 232.117(5) (permitting the court to enter a permanency order under section 232.104 if it decides not to terminate rights); *see also id.* § 232.104(2)(b) (providing a permanency option of giving a parent an additional six months to work toward reunification). But to exercise this option, the court must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

On this issue, we again quote the juvenile court: "The court finds that the parents have not made substantial progress toward[] reunification, and that it is not likely that given an additional six months the children could be reunified with either parent. The mother's request for a six[-]month extension of permanency is denied." Following our de novo review, we agree with this finding and conclusion made by the juvenile court. Accordingly, we also reject the mother's request for additional time.

## VI. Conclusion

Having rejected all challenges made, we affirm on both appeals.

**AFFIRMED ON BOTH APPEALS.**

8