**IN THE COURT OF APPEALS OF IOWA**

No. 19-0986
Filed August 7, 2019

**IN THE INTEREST OF S.B., T.R., and P.R.,**
**Minor Children,**

**A.B., Mother,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Appanoose County, William Owens, Associate Juvenile Judge.


　　　　A mother appeals the termination of her parental rights to her three children.

**AFFIRMED.**


　　　　Julie De Vries of De Vries Law Office, PLC, Centerville, for appellant mother.

　　　　Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

　　　　Debra A. George of Griffing & George Law Firm, PLC, Centerville, guardian ad litem for minor children.


　　　　Considered by Potterfield, P.J., Greer, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

A mother appeals the termination of her parental rights to her minor children—P.R., born in 2011; T.R., born in 2014; and S.B., born in 2016.[1]  The mother argues (1) termination is not in the children's best interests due to the closeness of the parent-child bond,[2] (2) the State failed to make reasonable efforts at reunification, and (3) termination was premature because S.B.'s father was not identified or offered services.  Our review is de novo.  *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).  Our primary consideration is the best interests of the children, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the children's safety and need for a permanent home.  *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

As to the mother's first argument, we conclude termination of her parental rights is in the children's best interests.  To the extent the mother argues the permissive statutory exception to termination contained in Iowa Code section 232.116(3)(c) (2018) should be applied to avert termination, we disagree.  We affirm the juvenile court on those matters by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

Second, we agree with the State that the mother's reasonable-efforts challenge is not preserved for our review.  It is true that the Iowa Department of Human Services (DHS) "is to provide 'every reasonable effort to return the child

---

[1] The parental rights of the two oldest children's father were also terminated.  He does not appeal.  The identity of the youngest child's father is unknown.

[2] The mother does not challenge the sufficiency of the evidence supporting the statutory grounds for termination cited by the juvenile court.  As such, we  need not address this step in the three-step termination framework.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

the child's home as quickly as possible consistent with the best interests of the child.'" *L.T.*, 924 N.W.2d at 528 (quoting Iowa Code § 232.102(7)). However, while DHS "has an obligation to make reasonable efforts toward reunification, . . . a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005). On appeal, the mother complains her visits with the children "were not numerous nor consistent enough to allow [her] to progress towards reunification." A permanency hearing in the child-in-need-of-assistance proceedings was held in August 2018, after which the court authorized the State to initiate termination proceedings. The State did so in November. It was not until January 9, 2019, at which time a termination hearing was scheduled to occur in eight days,[3] after the permanency hearing, the State's termination petition, and roughly one-and-one-half years of offered services that the mother alerted the juvenile court of her complaint by filing an "application for services and reasonable efforts" requesting an order for weekly visits. The mother's request was made too late to preserve error for appeal. *See In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) (noting complaints must be voiced to the juvenile court); *A.A.G.*, 708 N.W.2d at 91 (noting the parent's obligation to request specific services must precede the permanency hearing in order to preserve error for appellate review). Alternatively, upon our de novo review, we conclude the State satisfied its reasonable-efforts mandate.

---

[3] The hearing was subsequently continued to March.

As to the mother's final argument, we agree with the State that the mother cannot challenge the termination of her parental rights on the ground that the father of one of the three children was not identified or offered services. *See, e.g.*, *In re D.G.*, 704 N.W.2d 454, 459 (Iowa Ct. App. 2005) ("[I]n termination of parental rights proceedings each parent's parental rights are separate adjudications, both factually and legally.").

We affirm the termination of the mother's parental rights.

**AFFIRMED.**