# IN THE COURT OF APPEALS OF IOWA

No. 19-1633
Filed January 9, 2020

**IN THE INTEREST OF J.P., G.P., J.H., and L.H.,**
**Minor Children,**

**K.W., Mother,**
    Appellant,

**J.H., Father of J.H. and L.H.,**
    Appellant.

_____

Appeal from the Iowa District Court for Franklin County, Peter B. Newell, District Associate Judge.

A mother and father separately appeal the juvenile court's termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

William P. Baresel of Prichard Law Office, PC, Charles City, for appellant mother.

Mark A. Milder, Denver, for appellant father of J.H. and L.H.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Alesha Michelle Sigmeth Roberts, Clarion, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

A mother appeals from the termination of her parental rights to four children, J.P., G.P., J.H., and L.H. The father of J.H. and L.H. also appeals the termination of his rights.[1] Both parents challenge the statutory grounds authorizing termination. The father[2] also argues termination was not in the children's best interests.

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

We generally use a three-step analysis to review the termination of parents' rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We determine: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. However, if a parent does not challenge a step in our analysis, we need not address it.

---

[1] The juvenile court also terminated the parental rights of J.P. and G.P.'s father. He does not appeal.

[2] All references to the father are in respect to the father of J.H. and L.H.

With respect to the mother, the juvenile court found grounds for termination under Iowa Code section 232.116(1)(f) and (*l*) (2019).[3] However, the mother only challenges the juvenile court's finding with respect to paragraph (f). Because the mother does not challenge the statutory grounds under paragraph (*l*), we find the statutory grounds authorizing termination satisfied under section 232.116(1)(*l*). *See In re N.S.*, No. 14-1375, 2014 WL 5253291, at *3 (Iowa Ct. App. Oct. 15, 2014). And because the mother brings no other challenge to the juvenile court's termination analysis, our analysis with respect to her appeal is complete.

With respect to the father, the juvenile court terminated his parental rights pursuant to section 232.116(1)(f). Section 232.116(1)(f) authorizes termination of a parent's parental rights when:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The father only challenges the fourth element, whether the children could be returned to his care at the time of termination.[4]

---

[3] The juvenile court's order listed the statutory grounds for termination as 232.116(*l*) and 232.116(f), inadvertently omitting subsection (1) from the statutory references. However, the accompanying analysis makes clear the court's omission of subsection (1) from the statutory references is a scrivener's error. Neither parent takes issue with the omission. Nor do we.

[4] The father also argues the children could have been returned to the mother under section 232.116(1)(f). But he does not have standing to advocate on behalf of the mother. *See In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (requiring parents advance their own claims on appeal and separate from the other parent).

In 2017, we observed: "Methamphetamine is a scourge." *In re K.L.*, No. 17-0346, 2017 WL 2465817, at *1 (Iowa Ct. App. June 7, 2017). The same is true today. A parent's methamphetamine use, in itself, creates a dangerous environment for children. *Cf. In re J.S.*, 846 N.W.2d 36, 37 (Iowa 2014). And like so many Iowans, this father has long struggled with methamphetamine. By his own admission, he used methamphetamine as recently as two months prior to the termination hearing. And he has failed to obtain a substance-abuse evaluation since his last use. Given the father's consistent use of methamphetamine, short period of sobriety, and lack of engagement in any treatment program, we fear relapse is likely. *Cf. In re J.B.*, No. 18-0696, 2018 WL 4361058, at *3 (Iowa Ct. App. Sept. 12, 2018) (finding a child could not be returned to a parent when the parent has only been sober for three months). We cannot say the father's relationship with methamphetamine is over. Like the juvenile court, we find the children could not be safely returned to the father's care.

Next, we consider the father's claim that termination is not in the best interests of the children. *See* Iowa Code § 232.116(2). Our analysis is governed by Iowa Code section 232.116(2), which states:

> In considering whether to terminate the rights of a parent under this section, the court shall give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren].

---

Moreover, we affirm the termination of the mother's rights under section 232.116(1)(*l*) and need not consider section 232.116(1)(f) with respect to the mother.

The father points to his bond with the children as evidence that termination is not in the children's best interests. But safety is a "defining element[]" of our best-interest analysis. *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., specially concurring); *see* Iowa Code § 232.116(2) (noting "the court shall give primary consideration to the child[ren]'s safety"). And, as discussed, we do not believe the father is prepared to assure the children's safety.

We hope the father pursues recovery. But "we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.,* 778 N.W.2d at 41. We conclude termination is in the children's best interests so that they can find permanent homes that are safe and secure.

For the foregoing reasons, we affirm the juvenile court's order terminating the mother and father's parental rights.

**AFFIRMED ON BOTH APPEALS.**