**IN THE COURT OF APPEALS OF IOWA**

No. 22-1141
Filed August 31, 2022

**IN THE INTEREST OF S.D.,**
**Minor Child,**

**A.D., Father,**
    Appellant,

**S.W., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Mark C. Cord III, District Associate Judge.

Parents appeal the termination of their parental rights.  **AFFIRMED ON BOTH APPEALS.**

Douglas L. Roehrich, Sioux City, attorney for appellant father.

Jessica R. Noll of Deck Law PLC, Sioux City, attorney for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Joseph W. Kertels of the Juvenile Law Center, Sioux City, attorney and guardian ad litem.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

Shortly after the child, S.D., turned one, the Iowa Department of Human Services (DHS) discovered his parents were using methamphetamine. Over the fifteen months that followed, the parents followed a cycle of methamphetamine abuse, incarceration, missed visits, missed drug testing, attempts to cheat drug testing, and failure to adequately follow through with substance-abuse and mental-health treatment. As a result, the juvenile court terminated their parental rights. Both parents appeal.

We review orders terminating parental rights de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Such review follows a three-step process that involves determining if statutory grounds for termination have been established, if termination is in the child's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). However, if a parent does not challenge a step, we do not address that step. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Then we address any additional claims raised by the parents. *In re K.M.*, No. 19-1637, 2020 WL 110408, at *1 (Iowa Ct. App. Jan. 9, 2020). Here, both parents challenge the statutory grounds authorizing termination and whether termination is in the child's best interests. The mother also asserts that she should have been given an additional six months to work toward reunification.[1]

---

[1] The mother attempts to argue her claims on behalf of the father as well. However, she does not have standing to advocate on behalf of the father. *See In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (requiring each parent to advance the parent's own claims on appeal separate from the other parent).

Additionally, the mother claims the juvenile court incorrectly found that she "did not request additional services or a modification of services to assist with

Although the juvenile court found three statutory grounds for termination, we confine our decision to the ground established by Iowa Code section 232.116(1)(h) (2022). *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) (holding that when the juvenile court terminates on more than one statutory ground, we are not required to assess all grounds, as we may affirm on any single ground supported by the record). Termination under section 232.116(1)(h) requires proof that (1) the child is three years of age or younger; (2) the child has been adjudicated a child in need of assistance; (3) the child has been removed from the physical custody of the child's parents for at least six of the last twelve months; and (4) the child cannot be safely returned to the custody of the child's parents at the time of the termination hearing. Iowa Code § 232.116(1)(h); *In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (interpreting the use of the phrase "at the present time" in section 232.116(1)(h)(4) to mean at the time of the termination hearing).

Neither parent challenges the first three elements. Both challenge proof of the fourth. They assert that the child could have been returned to their custody at the time of the termination hearing. We reject this challenge as to both parents. At the time of the termination hearing, the mother had been out of jail for sixteen days after serving nearly three months following a probation violation on drug charges. At no time during the nine-month period between when the child was

---

reunification." However, the mother's sparse accompanying argument does not explain how she previously requested additional or modified services from the court. So her claim is not adequately developed for our review. *See In re A.M.*, No. 20-0480, 2020 WL 4814170, at *2 n.2 (Iowa Ct. App. Aug. 19, 2020) (noting a "passing reference to [an] issue coupled with, at best a perfunctory argument" is insufficient to raise an issue for review).

removed from the parents' custody and the termination hearing had the mother demonstrated stability in housing, stability in employment, sobriety, good mental health, or responsible parenting. *See, e.g.*, *In re J.M.*, No. 21-1908, 2022 WL 468724, at *2 (Iowa Ct. App. Feb. 16, 2022) (considering a mother's lack of permanent housing when determining her children could not be safely returned to her care); *In re J.B.*, No. 21-1688, 2022 WL 244867, at *1 (Iowa Ct. App. Jan. 27, 2022) (considering the parents' failure to address their mental-health needs when finding child could not be returned to either parent); *In re K.M.*, No. 21-1036, 2021 WL 4593210, at *2–3 (Iowa Ct. App. Oct. 6, 2021) (noting short periods of sobriety are not indicative of future sustained sobriety that would facilitate reunification); *In re D.H.*, No. 20-1009, 2020 WL 5946403, at *2 (Iowa Ct. App. Oct. 7, 2020) (noting a mother's lack of employment when determining a child could not be returned to her care). Further, the mother faced an impending stretch in a halfway house. The child could not be returned to her custody.

As for the father, at the time of the termination hearing, he had been out of inpatient drug treatment for twelve days. *Cf. In re J.W.*, No. 22-0002, 2022 WL 2348175, at *1 (Iowa Ct. App. June 29, 2022) (limiting consideration of a parent's sobriety when the parent had been in a custodial setting). Like the mother, during the time between removal and the termination hearing, the father had shown no stability in housing, stability in employment, sobriety, good mental health, or responsible parenting. *See, e.g.*, *J.M.*, 2022 WL 468724, at *2; *J.B.*, 2022 WL 244867, at *1; *K.M.*, 2021 WL 4593210, at *2–3; *In re D.H.*, 2020 WL 5946403, at *2. The child could not be placed in his custody. A statutory ground for termination of both parents' rights was established.

As for the child's best interests,[2] the mother points to the fact that the child is happy, healthy, and well-adjusted. While that is true, the mother's argument ignores the fact that the child is doing well because he is placed in a home with a stable relative, not because of the mother's actions. In fact, the child is doing well in spite of the mother's actions. The father argues that termination is not the child's best interests because it would deprive the child of such things as "child support, medical support, and inheritance from the parent." But there is no evidence that the father is providing any of these things now or would in the future, so we are not persuaded by the father' s argument. We also reject the parents' argument that termination is not the child's best interests because the child's life won't change regardless of whether their rights are terminated since the child will remain in a stable home with a relative who intends to adopt the child. *See In re S.J.*, No. 20-1430, 2021 WL 811162, at *2 (Iowa Ct. App. Mar. 3, 2021) (rejecting a mother's claim termination was not in the child's best interest because the child would remain with the father regardless of termination). While that may be true, the child is only in a stable home and having his needs met because he has been removed from the parents' custody. Plus, the child deserves permanency. *See id.* ("[F]orgoing termination would only subject [the child] to continued, unjustified limbo."). The child's best interests are served by terminating the parents' rights.

The juvenile court may grant parents an additional six months to work toward reunification if it determines that termination of parental rights is not

---

[2] When making a best-interest determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)).

warranted. *See* Iowa Code § 232.117(5) (permitting the court to choose a permanency option under section 232.104 if the court does not terminate parental rights); *see also id.* § 232.104(2)(b) (providing a permanency option of giving parents an additional six months to work toward reunification). Here, there is no reason to deny termination and no reason to grant the mother's request for an additional six months. The mother has been in and out of jail for drug violations, has repeatedly tested positive for methamphetamine, has not adequately addressed her substance-abuse problem, has not adequately addressed her mental-health issues, has been sporadic in visiting the child, and has generally shown an inability to meet the demands of adulthood and parenthood. The juvenile court hit the nail on the head when it stated, "It is not reasonable to conclude that a lifetime of dysfunction, substance abuse, mental-health [issues,] and concerning behaviors can be overcome within a six-month period." Following our de novo review, we conclude that giving the mother an additional six months to work toward reunification is not justified.

Finding no merit in the parents' challenges, we affirm the juvenile court's ruling terminating the parental rights of both parents.

**AFFIRMED ON BOTH APPEALS.**