**IN THE COURT OF APPEALS OF IOWA**

No. 24-0678
Filed July 3, 2024

**IN THE INTEREST OF J.K.-O. and J.K.,**
**Minor Children,**

**B.O., Father,**
        Appellant,

**C.K., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Grundy County, Daniel L. Block,

Judge.

A mother and father separately appeal the termination of their respective

parental rights. **AFFIRMED ON BOTH APPEALS.**

Jennie L. Wilson-Moore of Wilson Law Firm, Conrad, for appellant father.

Christina M. Shriver, Waterloo, for appellant mother.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney

General, for appellee State.

Kelly J. Smith of Waterloo Juvenile Public Defender's Office, Waterloo,

attorney and guardian ad litem for minor children.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**AHLERS, Presiding Judge.**

A mother and father separately appeal the termination of their parental rights to their two children, born in 2022 and 2023. The mother challenges some of the statutory grounds authorizing termination and requests additional time to work toward reunification. The father challenges all of the statutory grounds for termination, argues termination is not in the children's best interests due to his bonds with them, and requests additional time to work toward reunification.

We conduct de novo review of orders terminating parental rights. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process to determine if a statutory ground for termination has been satisfied, whether termination is in the children's best interests, and whether any permissive exception should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). However, we do not address a step if parent does not challenge it on appeal. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Then we address any additional claims raised by the parent. *In re A.D.*, No. 23-1695, 2024 WL 111259, at *1 (Iowa Ct. App. Jan. 10, 2024).

## I.      The Mother

With respect to the mother, the juvenile court determined that the State established statutory grounds authorizing termination under Iowa Code section 232.116(1)(b), (e), (h), and (*l*) (2023). When the juvenile court relies on multiple statutory grounds to authorize termination, we may affirm on any one of those grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Here, the mother limits her statutory challenge to paragraphs (b) and (f). However, the juvenile court did not rely on paragraph (f) as a statutory ground for termination.

Still, we recognize paragraph (f) is very similar to paragraph (h)—both require the court to find the child could not be returned to the parent's custody at the time of the termination hearing and differ only with respect to the age of the child at issue and the length of time the child must be removed from the parent's custody. *Compare* Iowa Code § 232.116(1)(f), *with id.* § 232.116(1)(h). We assume the mother actually intended to challenge the juvenile court's reliance on paragraph (h) as a basis for termination.

Even making that assumption in the mother's favor, she does not challenge all of the statutory grounds for termination. She makes no argument to challenge the grounds authorizing termination under paragraphs (e) or (*l*). Accordingly, she waives any claim of error on those grounds, *see, e.g.*, *In re R.S.*, No. 22-0196, 2022 WL 4362192, at *1 (Iowa Ct. App. Sept. 21, 2022), so we affirm the juvenile court's determination that statutory grounds authorizing termination of the mother's rights are satisfied under section 232.116(1)(e) and (*l*).

Continuing with our three-step review, we would typically address a best-interests challenge. However, the mother does not develop a best-interests challenge for our review. Instead, she merely states, "If the children can[not] [b]e returned to the home of a parent[], in this case, the father, then termination of parental rights with regard to the mother is not in the best interest of the children." This passing reference is insufficient to raise a reviewable claim. *See In re G.B.*, No. 23-1986, 2024 WL 1551282, at *1 (Iowa Ct. App. Apr. 10, 2024). Further, whether the children can or cannot be returned to the father's custody does not impact the mother's parental rights, as their parental rights do not rise and fall together. *See In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (requiring

parents to advance their own claims on appeal and separately from the other parent). So, to the extent the mother attempts to assert a best-interests challenge, we reject it.

As the mother does not argue the juvenile court should have applied a permissive exception to termination, we do not address that step in our review either.

Instead, we proceed to the mother's contention that she should be given additional time to work toward reunification. The court may grant a parent six additional months to work toward reunification in lieu of termination under certain circumstances. *See* Iowa Code § 232.117(5) (permitting the court to enter a permanency order pursuant to section 232.104 if it does not terminate parental rights); *see also id.* § 232.104(2)(b) (providing a permanency option of giving an additional six months to work toward reunification). But before the court may grant a parent such additional time, it must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

The mother contends that an additional six months would give her sufficient time "to gain the stability needed in order to regain custody of her children" because it "would allow her [time] to resolve her pending legal matters, reengage in treatment[,] and establish stable housing." While the mother's plan for the next six months is ambitious and commendable, it is not realistic given her past refusal to engage in reunification services provided by the Iowa Department of Health and Human Services. The mother has a history of illegal substance use that remains

unresolved.[1]  We find that the mother would not be able to establish a sufficient period of sustained sobriety within six months to alleviate our concerns about her substance use.  Additionally, the mother has multiple other hurdles to clear, including the fact that she was incarcerated at the time of the termination hearing, has housing instability, and has unresolved mental-health issues.  We see no realistic path to clearing those hurdles in six months.  Accordingly, we do not grant her additional time to work toward reunification.

We affirm the termination of the mother's parental rights.

## II.     The Father

Turning to the father, the juvenile court terminated his parental rights pursuant to Iowa Code section 232.116(1)(e) and (h).  As previously noted, when the juvenile court relies on multiple statutory grounds to authorize termination, we may affirm on any one ground.  *A.B.*, 815 N.W.2d at 774.  We focus our attention on paragraph (h), which permits termination upon clear and convincing proof that (1) "the child is three years of age or younger"; (2) "the child has been adjudicated a child in need of assistance"; (3) the child has been removed from the physical custody of the parents for at least six of the last twelve months; and (4) the child cannot be returned to the custody of the parent.  Iowa Code § 232.116(1)(h).  The father only challenges the fourth element—whether the children could be safely returned to his custody at the time of the termination hearing.  *See id.*

---

[1] Both children tested positive for methamphetamine at birth due to the mother's use of the drug.  And she admitted to methamphetamine use as recently as three months before the termination hearing held in March 2024.  Although a substance-use evaluation recommended treatment, the mother has never completed any treatment program.

§ 232.116(1)(h)(4) ("There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time."); *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that "at the present time" means at the time of the termination hearing).

The father claims that the children "could be returned to [his] care today" and points out that he "resides with his mother who was a placement for [the older child]" at one point. We disagree and are not swayed by the fact that he is living with a former placement for the child. We base our opinion on three primary reasons.

First, the toxic relationship between the mother and father, which has been riddled with domestic violence by both parties, no-contact orders, and violations of no-contact orders, has been a significant barrier to reunification. Despite the father's contentions otherwise, we do not find that the father's relationship with the mother is over. For example, despite the father's claim that he had not had contact with the mother "for a long time," the two were found together about a month before the termination hearing. And when the older child was placed with the paternal grandmother, the father permitted the mother to enter the grandmother's home and have unsupervised contact with the child, confirming concerns about his protective capacity.

Second, we question his substance use. The father freely admits to using marijuana. But our concerns go beyond marijuana use. At one point, the father and mother were found in a vehicle with methamphetamine. The father admitted to a case worker that he is around methamphetamine users and associates with them while they actively use. And while the father has never tested positive for the

drug, he has only complied with drug testing twice while missing thirty-three requested tests. While a missed test or two could be chalked up to difficulty getting to the testing site or miscommunication, the father's failure to complete thirty-three tests is alarming. It leads us to believe he is avoiding testing and detection of some illegal substance. Given the father's admission to marijuana use, coupled with his admission to associating with methamphetamine users while they are using and his refusal to submit to drug testing thirty-three out of the thirty-five times he's been asked to test, we conclude the father is attempting to hide his use of some other illegal substance.

Third, the father has not demonstrated the ability to parent for any meaningful length of time. He failed to attend roughly half the visits with the children offered to him, with an uptick in his attendance only after the termination petition was filed. The department requested that the father complete a parenting assessment, and the father agreed that he would. The father failed to attend the assessment three times. While he attended on the fourth try, he left part way through and never came back.

Taking these concerns together, we agree with the juvenile court that the child cannot be safely returned to the father's custody.

Next, the father argues that termination is not in the children's best interests. When considering whether termination is in the children's best interests we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a

child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

Following our review of the record, we conclude termination of the father's rights is in the children's best interests. The father lacks baseline stability. As previously mentioned, we find his relationship with the mother is ongoing. He is not employed. He is dependent on his mother for housing. Conversely, the children are doing well with the foster parents. The youngest child has lived her entire life in their care. The children deserve permanency now, which can be achieved through termination and subsequent adoption.

Still the father argues termination is not in the children's best interests due to his bonds with the children. We assume this argument seeks to invoke a permissive exception to termination. Iowa Code section 232.116(3)(c) permits the court to forgo termination if the parent establishes by "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *See In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018) (recognizing a parent seeking application of a permissive exception to termination has the burden to establish such an exception). As to the youngest child, the father admitted that he was still in the process of bonding with her. So the father has failed to prove a meaningful bond between them. As to the older child, there is evidence of a bond between father and child, however it is not of such magnitude that its severance would be manifestly detrimental to the child. We do not apply an exception to preclude termination.

Finally, like the mother, the father requests additional time to work toward reunification. As previously discussed, in order to continue the proceedings for an additional six months, we must be able "enumerate the specific factors, conditions, or expected behavioral changes" that we anticipate would occur within that time period and eliminate the need for removal. Iowa Code § 232.104(2)(b). Unfortunately, we have no persuasive evidence upon which to rely to conclude the father will make any meaningful changes in the next six months. At most, the father said he would cooperate with the department if given additional time. But he has failed to cooperate thus far. For instance, he previously agreed to complete the parenting assessment but never completed the assessment despite being offered it four times. He has missed thirty-three of the requested drug tests. He has failed to attend roughly half of the visits offered to him. We do not find it likely the father will make an about-face this late in the game. As such, we do not have a basis to grant him additional time to work toward reunification.

We affirm the termination of the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**