**IN THE COURT OF APPEALS OF IOWA**

No. 24-2023
Filed April 23, 2025

**IN THE INTEREST OF A.B.,**
**Minor Child,**

**R.B., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, Judge.

　　The father appeals the termination of his parental rights to a child. **AFFIRMED.**

　　Chris Raker of Alliance Law Office, P.C., East Dubuque, Illinois, for appellant father.

　　Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney General, for appellee State.

　　Gina L. Kramer of Kramer Law Office, PLLC, Dubuque, attorney and guardian ad litem for minor child.

　　Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

The father appeals the termination of his parental rights to a child born in 2023. The mother's rights are not at issue in this appeal, even though the father appears to advocate additional time was warranted based on the mother's somewhat better progress toward resuming custody. On our review, we affirm.

**Background Facts and Proceedings.** The Iowa Department of Health and Human Services (HHS) became involved with this family in August 2023 based on reports that the mother and father were struggling with addiction to controlled substances. The child and his older half-sibling both tested positive for methamphetamine, as did the parents. The children were then separately placed with relatives through a safety plan. The child here was eventually adjudicated in need of assistance, ultimately leading the State to petition for termination of parental rights; the other child's permanency was addressed in separate proceedings.

The father was jailed in September 2023 and sentenced to prison in early 2024 following revocation of probation for his most recent recidivist controlled-substance offense. His tentative prison-discharge date is in April 2028, and he was denied parole in October 2024. His next parole review is in November 2025. And even if he is paroled then, the father has requested placement in a "recovery house" before release to the community. The father last saw the child in November 2023.

In his trial testimony, the father said he couldn't explain why the children tested positive for methamphetamine, as he claimed he and the mother never

cared for them while using meth. He also agreed the child could not be placed in his custody as of trial or within six months.

Throughout the life of the case, the mother made intermittent progress before relapsing on methamphetamine, using drugs while temporarily caring for the child, violating the terms of her probation, and eventually being sentenced to prison. The mother's tentative prison discharge date is also in 2028, and she will be reviewed for parole in May 2025. She testified she was optimistic she might be paroled early.

The child was placed with a pre-adoptive foster family, where he has been doing well and is now bonded. The foster family has been facilitating sibling visits and intends to do so in the future if they adopt.

The county attorney, HHS, and the child's guardian ad litem all recommended termination of parental rights. The juvenile court terminated the father's and mother's parental rights under Iowa Code section 232.116(1)(h) (2024). The father appeals, and we review de novo. *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

**Best Interests.**[1] On appeal, the father urges that termination was not in the child's best interests. He specifically "argues that it is not in the best interest of [the child] to have his father's rights terminated when he has been unable to be in contact with the child, in light of prison policy." In reviewing whether termination is in the child's best interests, we give primary weight "to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and

---

[1] The father only asked for an extension of time below. We elect to consider the merits of the best-interests analysis anyway.

to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The father has been absent for nearly the child's entire life due to incarceration for criminal conduct. He cannot take an active role in parenting now or in the near future. And he has virtually no relationship with the child. In contrast, the child's foster placement has been tending well to the child's needs, and the child is bonded to the placement. We agree with the juvenile court that termination is in the child's best interests.

**Additional Time.** At trial, the father joined the mother's request for additional time, apparently based on his unsupported expectation the mother would be paroled before him. The father appears to reprise that argument on appeal. But one parent cannot raise arguments on behalf of the other. *See In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (applying the principle that one parent cannot assert facts or legal positions pertaining to the other parent). And to the extent the father requests an extension on his own behalf, there is no reason to believe he would be released from prison within six months of the termination trial, and he necessarily cannot resume custody while incarcerated. He did not carry his burden to justify additional time. *See In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021); *see also* Iowa Code § 232.104(2)(b).

**AFFIRMED.**